TALULA LUCY VETLESEN *v.* L. M. VETLESEN.

APPEAL FROM CIRCUIT JUDGE, SECOND CIRCUIT.

ARGUED DECEMBER 11, 1906.    DECIDED DECEMBER 14, 1906.

FREAR, C.J., HARTWELL AND WILDER, JJ.

DIVORCE—*revision of decree as to custody of children after.*

> The mother of two white children (boys), whose ages are in
> the neighborhood of five and seven years respectively, having been
> awarded their custody on her divorce from her husband for non-
> support, a showing that she has since married an Hawaiian is not
> of itself sufficient to authorize a change in the decree concerning
> their care and custody.

OPINION OF THE COURT BY WILDER, J.

In September, 1904, plaintiff obtained an absolute divorce
from defendant on the ground of nonsupport and was awarded
the care and custody of the two children (boys), then aged
three and five years respectively. In September, 1905, plaintiff
married one William Miner, an Hawaiian. In September,
1906, the first decree in regard to the care and custody of the
children was altered and revised on the application of the
defendant, the father, after a hearing so as to give him their
care and custody. The plaintiff appeals to this court.

Our statute is as follows: "Upon annuling a marriage, or
decreeing a divorce, the judge may make such further decree
as it shall deem expedient, concerning the care, custody, educa-
tion and maintenance of the minor children of the parties, and
determine with which of the parents the children or any of them
shall remain; and the judge may from time to time afterwards,
on the petition of either of the parties, revise and alter such
decree concerning the children, and make a new decree concern-

ing the same, as the circumstances of the parents and the benefit of the children may require." R. L., Sec. 2238.

The evidence shows that the children are living with their mother and stepfather at Makawao, Maui, and that they are well cared for by them in every way. It is not claimed that the mother is an improper person to have the care and custody of the children.

The statute does not authorize a change in the care and custody of children once awarded except "as the circumstances of the parents and the benefit of the children may require." Practically the sole question to decide on this appeal is whether there was sufficient evidence to show that the welfare of the children required a change in their care and custody. Since the divorce the situation has changed in that the mother has remarried and the children are two years older.

In the absence of any other showing the remarriage of the mother is not alone sufficient to warrant the alteration of the decree in regard to the care and custody of the children, at least in the case of children as young as these. An examination of the cases, namely, *Commonwealth v. Hamilton,* 6 Mass. 273; *Worcester v. Marchant,* 14 Pick. 510; *State v. Scott,* 13 N. H. 274, and *Spears v. Snell,* 74 N. C. 210, cited by defendant to the effect that the re-marriage of the mother is alone sufficient to warrant a change in the decree as to the care and custody of the children, shows that they are not in point. Two of them were habeas corpus cases, one was to revoke the appointment of a guardian, and the other was an action for damages for taking a minor out of the state on a sea voyage without the consent of his parent, and the youngest child in all those cases was eleven years.

*Laing v. Laing,* 10 Haw. 183, which decided among other things that "the amount of alimony rests in the sound discretion of the trial court under all the circumstances of the case and is subject to modification on exceptions for cogent reasons only," was also cited by defendant as applying to this case. That case

arose on exceptions whereas this comes up by appeal. Aside from that, however, if the evidence does not warrant a revision and alteration of the decree, that would be a cogent reason for reversing the action of the trial judge.

It is further earnestly urged by defendant that the marriage of the mother since the divorce to one who was an alien in race to the children and about five years younger than the mother should be sufficient to warrant a change in regard to the custody of the children. But the evidence shows affirmatively that the children are well treated, clothed and cared for by their mother and stepfather. The evidence does not show that a change of the custody of the children at this time will benefit them. Although it may be conceded that the educational facilities existing at Honolulu, where the defendant resides, are superior to those at Makawao, still it does not appear that the education of these children consistent with their age is being neglected at present.

The mother should remember, however, that this decision is not necessarily final, and that, while the custody of the children is still confided to her, it is subject to the further order of the circuit judge depending on showing that the welfare of the children requires a change in their custody.

The decree appealed from is reversed.

*W. W. Thayer,* (with whom *J. L. Coke* and *E. M. Watson* were on the brief,) for plaintiff.

*R. W. Breckons* for defendant.