EDWARD LINDQUIST, Appellant. v. AUGUSTA M. LINDQUIST, Appellee.

**Divorce:** CUSTODY OF CHILDREN : MODIFICATION OF DECREE. The court has power to modify a former decree of divorce with respect to the custody of minor children where there has been such a change in the circumstances and conditions of the parties as will authorize the same; and in this matter the trial court is vested with a wide discretion. In the instant case the changed circumstances and conditions of the parties are held to justify a modification of the former decree with respect to the custody of the child.

*Appeal from Pottawattamie District Court.*—HON. W. R. GREEN, *Judge.*

SATURDAY, JULY 9, 1910.

IN December of the year 1908, plaintiff obtained a divorce from defendant in the district court of Pottawattamie county; and in the decree was given the custody of three minor children. On the 18th day of October, 1909, defendant filed a petition for a modification of the original decree in which she asked that the said decree be canceled for fraud in its procurement; that she be granted a decree of divorce from plaintiff; and that in any event she be given the custody of the minor children, particularly the control of the daughter, Minnie.

A hearing was had on this petition, resulting in a denial of the relief asked, except that defendant was given the custody of the daughter, and the original decree was modified to that extent. Plaintiff alone appeals.—*Affirmed.*

*McKenzie, Howell & Cox* and *W. W. Bulman,* for appellant.

*Jennings & Mattox,* for appellee.

DEEMER, C. J.—As defendant does not appeal from the ruling made on her petition for modification of the original decree of divorce, we have nothing to consider on plaintiff's appeal save the order awarding to defendant the custody of the minor child, Minnie. The parties to this litigation were married in February, 1896, and although the paternity of some of the children is doubted it must be assumed, for the purposes of this case, that as a result of the marriage three children were born, to wit, Elmer, Arvid and Minnie. At the time of the hearing on the petition for the modification of the decree Elmer was twelve years old, Arvid ten and Minnie eight. The original action was commenced in September of the year 1908, and went to a decree on the issues joined December 21st of the same year. This decree, so far as material, reads as follows:

It is therefore ordered, adjudged and decreed by the court that the marriage relation heretofore existing between the parties be and the same is hereby set aside and wholly annulled, and the parties released from the obligations of the same; that the care, custody, maintenance and education of said children, Elmer, Arvid and Minnie be, until further order of the court, confided in the plaintiff, Edward Lindquist, and in event the custody thereof should in the future be given to the defendant, the plaintiff shall at all times be liable for their support; that the defendant have the right to call upon and converse with any or all of said children at all reasonable times.

No appeal was taken from this decree, but upon October 18, 1909, defendant filed a petition for the modification thereof as before stated. The modified decree, so far as material which was entered upon the petition, reads:

The court finds that the modification asked for by the defendant should be granted as to the daughter, Minnie Lindquist, and that the custody of the said Minnie Lindquist should be given to the defendant and the plaintiff being present with his attorney, as stated, stated to the court that if the order was made for any one of the children to be given to the defendant, he desired that they should not be separated, and that the order should be made, giving the custody of all of the children to the defendant, subject to his exceptions to the order or any part thereof, and not waiving his rights. It is therefore ordered that the decree entered in this cause on December —, 1908, in so far as the same gave the custody of the children named in the pleadings to the plaintiff, is amended and changed and the custody of the children is hereby given to the defendant. . . . It is further ordered that each party pay his or her own costs in this proceeding, and it is further ordered that the plaintiff pay to the defendant, the sum of $15 per month, each month, in advance, at the clerk's office in Council Bluffs, Iowa, for the support of said children, for a period of two years, until further ordered herein, and a bond for appeal is fixed in the sum of $500, and the plaintiff given until November 8th to file said bond.

For a reversal of this modified decree it is contended by counsel for plaintiff that neither the pleadings nor the proof show any such change in the circumstances or situation of the parties, after the original decree was entered, as would justify a modification of the decree as to the custody of any of the children. They further contend that under the testimony produced on the hearing of the petition for modification of the decree, the trial court should not have changed the custody of the children; that their welfare demanded that they be left in the custody of their

father, the plaintiff in the original suit. Plaintiff did not demur to the original petition for modification of the original decree nor did he at any time in the court below challenge its sufficiency, and without quoting therefrom it is sufficient, as we think, to justify the order of modification made by the trial court, provided it is sufficiently supported by the testimony. Section 3180 of the Code provides: "When a divorce is decreed, the court may make such order in relation to the children, property, parties and the maintenance of the parties as shall be right. Subsequent changes may be made by it in these respects, when circumstances render them expedient."

Without a statute it is generally held that a court of chancery may expressly reserve control of the case, and keep it open for further relief or proceedings before it passes to final decree. Some cases go even farther than this and hold that a court of equity may, at a subsequent term, upon a supplemental bill, modify or change a final decree. These decisions are generally bottomed upon statutes and need not be approved at this time. It is the universal holding, as we understand it, that a chancellor may reserve questions for future decision or for directions by future judgment or decree. *Ex parte Ambrose,* 72 Cal. 398 (14 Pac. 33); *Coolege v. Coolege,* 1 Bart. Ch. 77. No decree can be considered as final which leaves anything open to be decided by the court, and which does not determine the whole case. There is much ground for saying that the judge trying the original case, who was the same judge that heard the petition for the modification of the decree held jurisdiction of the case for the purpose of finally determining the custody of the children, and that the provision with reference thereto in the original decree was interlocutory, and not final in character. But however this may be, the statute quoted gives the court express power to modify the original decree as to the custody of the children at a subsequent term of court. Generally

speaking, such modification can only be had where there has been a change in the circumstances or conditions of the parties since the rendition of the original decree. *Graves v. Graves,* 132 Iowa, 199; *Crockett v. Crockett,* 132 Iowa, 388; *Blythe v. Blythe,* 25 Iowa, 266, and cases cited.

Courts should carefully consider the welfare of the the children, and upon such applications as were here presented the trial court is vested with a wide discretion, due to the fact that the future of a human life is likely to be involved. *Slattery v. Slattery,* 139 Iowa, 419. Assuming for the purposes of decision that the trial court was not justified in modifying the original decree as to the custody of the children, except upon a showing of a change in the circumstances or conditions of the parties, we are constrained to hold that such a showing was made, and that the trial court did not abuse its discretion in making the modified order. The testimony on the original trial which is now before us shows a most shocking situation, and an almost entire disregard upon the part of each of these litigants of their marital duties, relations and obligations. Each had been guilty of adultery before the original decree was passed and the trial court might have denied either relief on the original hearing. Each had a bad character and neither seemed to be fit to have the custody and the rearing of minor children. It was for this reason, no doubt, that the trial court entered the character of decree that is found in the record with reference to the custody of the children. The trial court was justified in finding from the testimony on the petition for modification of the decree that while the plaintiff had not reformed, defendant had done so, and as the time of the second hearing was leading a virtuous and exemplary life. Again, it was shown on the second hearing that defendant was financially able to care for her children, or for the daughter, which fact did not appear on the original

trial. Again, after the decree was entered in the original case, plaintiff took the children to the state of Nebraska and left them with defendant's half-sister, who made it so unpleasant for defendant when she attempted to visit her offspring that she was practically compelled to desist from gratifying her maternal instincts. These facts, as we have said, justified the trial court, who had all the parties before him and was able to judge of their fitness and the welfare of the children from personal observation, in making the modification of the order for the custody of the daughter. The other part of the decree was entered by appellant's consent and he may not complain of that.

We are not justified from the record in disturbing the modified order, and it is therefore *affirmed.*