## FACUNDO DELA CRUZ *v.* MARIA DELA CRUZ.

### No. 2406.

Submitted May 29, 1939.          Decided July 26, 1939.

COKE, C. J., PETERS AND KEMP, JJ.

OPINION OF THE COURT BY KEMP, J.

On August 1, 1938, Facundo Dela Cruz was granted a divorce from his wife Maria Dela Cruz on the grounds of desertion and adultery and the custody of the two children of the parties, one a boy about six years of age and the other a girl about four years of age, was awarded to the father. The libelee did not answer or make any appearance. Said children had during the separation resided with their mother. The father is a plantation laborer at Makaweli, Kauai, and works from about five o'clock a.m. to as late as from three to six o'clock p.m.

each day. He lives in a room with a family and employs the woman of that family to care for the children while he is at work. His former wife was, at the time of the divorce, living at Ahukini but on October 6, 1938, she remarried and went to Puhi to live with her husband, Simplicio Corpus, an employee of Grove Farm Company, Limited. Shortly before the divorce the libelee gave birth to an illegitimate child whose father is her present husband and her family now consists of herself, her husband and their infant child. The decree awarding custody of the two young children to the father was subject to the right of the libelee to visit said children at reasonable times. For a period of almost four months, from September 17, 1938, to January 14, 1939, she was practically denied that privilege by the action of their father in permitting them to be removed to Waialua, Oahu, on September 17, 1938, where they remained until after the appellee had filed her motion to modify the decree so as to give her custody of her children, the motion having been filed December 20, 1938, and the children returned to Makaweli January 14, 1939.

The motion to modify was based upon the records in the divorce proceeding and the affidavit of the libelee attached to her motion and upon evidence at the hearing. In said affidavit she set forth the fact of the removal of said children to Waialua where they were left in the care and custody of Maria Dela Santos by reason of which she was deprived of the right to visit said children pursuant to said decree.

After a hearing of the motion at which both the father and the mother of the children testified, the circuit judge granted the motion and in an oral decision said: "The Court finds that the libellee has rehabilitated herself; is now remarried and is able to give these children a fit and proper home, and while there is no evidence to show that

the father's care of the children has not been satisfactory, under the decisions of the Supreme Court this Court feels constrained to hold that the mother is entitled to the preference in the matter of the custody of the children, and that it would be for the best welfare of said children to be placed in the custody of their mother, the Court finding that the remarriage of the mother and her rehabilitation constitutes sufficient change of circumstances since the entry of the Decree. The motion to amend the decree will be allowed, the care and custody of the minor children of the parties hereto will be placed in the libellee, with the right in the libellant to visit said children at all reasonable times."

An order in accordance with the oral decision was entered and the libelant has appealed.

Appellant in his brief states the issue to be whether, the custody of the two children of the parties having been awarded to libelant, the father, upon his obtaining a divorce from libelee for her adultery, the latter has alleged and proved subsequent reformation on her part and such a change of circumstances that, for the best welfare of such children, the custody of the children should be transferred and awarded to libelee. He argues that a decree of custody should only be modified when a material change of circumstances is shown and that the subsequent remarriage of the libelee is not alone sufficient change in circumstances to warrant a change.

The libelee in her brief states the question for determination to be whether there was sufficient evidence to show that the welfare of the children required a change in their care and custody.

Decrees awarding the care and custody of the minor children of the parties upon the granting of a divorce may from time to time be revised and altered by the circuit judge and a new decree concerning the same made "as the

circumstances of the parents and the benefit of the children may require." R. L. 1935, § 4476. The circumstances of the parties in the instant case as they appeared to the court at the time of the divorce undoubtedly justified giving the care and custody of the children to the father, notwithstanding their tender ages and their need of the care and devotion that ordinarily only a mother will give them.

In approaching the question of whether or not a decree of custody of a child of divorced parents should be modified so as to give the custody to the parent denied its custody upon the granting of the divorce, the court is confronted with the task of determining whether or not there has been such a change of circumstances that the modification will be for the good of the child. Just what change will be sufficient to work that good varies in each particular case. So far as we know no court or other authority has attempted to lay down any general rule other than to say in effect that the welfare of the child is in all such cases the paramount consideration. The most comprehensive statement of the law on this subject coming to our attention is found in Keezer, Marriage and Divorce (2d ed.), § 594, p. 414, as follows: "Decrees for custody are generally regarded as temporary and are rarely made final but the court retains the power to modify them for cause shown, at any subsequent time, and where it once had jurisdiction of the parties and children, it may make a modification of its decree, even if the children are out of its jurisdiction. The decree remains open and subject to modification until the children are of age. The matter rests largely in the sound discretion of the court and will be interfered with, only in cases of clear abuse of such discretion. * * * Broadly stated the controlling considerations are a change of circumstances, the conduct of the custodial party, the morals of the parents, their financial

condition, the age of the children and the devotion of either parent to the best interests of the children. * * * The petition for change of custody must be supported by strong evidence showing that the welfare of the child would be benefited by the change. The burden of proof on this issue is on the petitioner. * * * A change to the mother may be authorized where her reform is satisfactorily established and the father has given custody to third person who made mother's visits very unpleasant."

We have not before us the evidence upon which the divorce was granted and the custody of said children awarded to the father. This renders it more difficult for us to determine the degree of change that the circumstances of either of the parties has undergone. The circuit judge who granted the divorce also made the order here appealed from and must have known what the circumstances of the parties were when the divorce was granted and was in much better position to determine that question than we are.

The case of *Pangle* v. *Pangle,* 106 Atl. (Md.) 337, cited by appellant in support of his argument that the remarriage of the mother is not sufficient change to warrant the alteration of the decree, is not in point for the reason that under the Maryland statute the question of a change of circumstances is not involved. As shown by the decision, the Maryland statute provides that the court passing the decree shall have "power to order and direct who shall have the guardianship and custody of the children, and be charged with their support and maintenance, and may at any time thereafter annul, vary or modify such order in relation to the children." In that case the court compared the circumstances of the parties without any mention of change and concluded that the parent originally given the custody was in a better position to properly care for the child than the other, stating that

"the primary concern in cases of this nature is to make such an award of the custody of the child as will promote its highest welfare."

*In re Steele,* 107 Mo. App. 567, 81 S. W. 1182, cited by appellant, was a *habeas corpus* proceeding by which the mother of a nine-year-old daughter, divorced for her adultery with the man she afterwards married, sought, after the death of her divorced husband, to whom custody had been awarded, to recover her daughter from an aunt, a sister of her father, by whom she had been cared for ever since the divorce. Again the court compared the facilities of the mother with those of the aunt for properly caring for the child and concluded that those offered by the aunt were far superior to those offered by the mother and declined to permit the mother to have her.

*Vetlesen* v. *Vetlesen,* 18 Haw. 164, also relied upon by appellant, merely holds that the marriage of the mother of two white children, boys aged five and seven years, to an Hawaiian is not of itself sufficient to authorize a change in the decree awarding the custody to her, this court finding from the evidence that they were well cared for by their mother and stepfather in every way. The court did recognize the fact that the marriage of the mother and the increased ages of the children constituted a change presumably sufficient in the opinion of the court to authorize a change of custody if upon all of the other facts it had appeared that the change of custody would have been beneficial to the children. We base the above observation upon the following excerpt from the opinion of this court: "Practically the sole question to decide on this appeal is whether there was sufficient evidence to show that the welfare of the children required a change in their care and custody. Since the divorce the *situation has changed* in that the mother has remarried and the children are two years older. In the absence of any other

showing the remarriage of the mother is not alone sufficient to warrant the alteration of the decree in regard to the care and custody of the children, at least in the case of children as young as these." (Emphasis added.)

The case before us presents the reverse of the situation in the *Vetlesen* case. The mother has shown that the father, who has custody, has not strictly adhered to the decree giving him custody. He, by reason of his employment, has entrusted the care of these small children to a woman, a stranger in blood to the children, who, according to the evidence, permitted her son to threaten the mother when she went to visit her children. The father also apparently sanctioned a regulation of the plantation authorities prohibiting her from going to the home where the children are kept and requiring her to get the plantation policeman, who is not always available, to bring the children to another place for her visits. This she had difficulty in doing. In addition to the foregoing, the father sent the children from his place of residence on Kauai to Waialua, Oahu, where they were left for almost four months, thus depriving the mother of the right of visitation contained in the decree giving him custody.

The Iowa statute on the subject of changé in custody is substantially the same as ours. That statute provides: "When a divorce is decreed, the court may make such order in relation to the children, property, parties, and the maintenance of the parties as shall be right. Subsequent changes may be made by it in these respects, when circumstances render them expedient." In *Lindquist* v. *Lindquist*, 126 N. W. 1109, the Iowa supreme court, after saying: "Generally speaking, such modification can only be had where there has been a change in the circumstances or conditions of the parties, since the rendition of the original decree" stated the facts to be that the mother had been divorced for her adultery but was, at the time of the

hearing on her petition for change of custody, able financially to care for her child and was leading a virtuous and exemplary life; that the father took the children to the State of Nebraska and left them with his half-sister who made it so unpleasant for the mother when she attempted to visit her children that she was practically compelled to desist from so doing. After stating the above facts, the court said: "These facts * * * justified the trial court, who had all the parties before him and was able to judge of their fitness and the welfare of the children from personal observation, in making the modification of the order for the custody of the daughter."

In *Robello* v. *Robello,* 33 Haw. 90, the only change in the circumstances of the parties was the remarriage of the mother to a petty officer in the United States Navy and the establishment of a home at Waikiki in a cottage surrounded by an ample yard. The evidence disclosed that the father, to whom custody of their three-year-old boy was awarded, had made suitable arrangements for its care with his parents who live on a plantation at Kahuku, yet upon the above showing this court affirmed an order modifying the decree giving the mother the custody.

We now turn to the circumstances of the mother in the present case. We have already stated what her circumstances were when the decree was entered on August 1, 1938, so far as they are disclosed by the record before us. On October 6, 1938, she married the father of her illegitimate child, thus removing from it and herself the stigma of illegitimacy. Her present husband is an old-time employee of Grove Farm, Limited, and as part of his wages is furnished a cottage for the sole use of himself and family and the usual plantation perquisites. After his marriage he established his family in the place provided by his employer where his wife, who is not otherwise employed, presides as housewife. The circuit judge decided that the

foregoing change of circumstances of the mother was sufficient to justify a change of custody of the children and that it would be for the best welfare of the children to now award their custody to the mother. The circuit judge in the course of her oral decision observed that there is no evidence to show that the father's care of the children has not been satisfactory but that she felt constrained to hold that under the decisions of this court the mother is entitled to the preference in the matter of the custody of the children. We think the circuit judge did not err in holding that the marriage of the mother and her rehabilitation (which must refer to her improved moral character as well as her improved material circumstances) constitute sufficient change of circumstances since the entry of the decree to warrant a consideration of whether or not it would be for the best welfare of the children to be placed in the custody of their mother and she decided that it would be for their best welfare. The statement of the circuit judge that she was constrained to hold that under the decisions of this court the mother is entitled to the preference in the matter of the custody of the children, even if an erroneous conclusion as to the effect of said decisions does not militate against the correctness of the finding that there has been a sufficient change of circumstances of the parents and that it would be for the best welfare of the children that they be placed in the care and custody of their mother. The circuit judge also observed that there was no evidence to show that the father's care of the children has not been satisfactory. We do not agree with this observation of the circuit judge. We think that the evidence which we have detailed and which is not controverted is inconsistent with that conclusion.

There is very little difference in the financial ability of the parties to care for the material needs of their children. But as has often been said by this and other courts

when the parents of children of tender years are living apart and the mother is a suitable person to have their care and custody their best interest requires that the custody of the person should be awarded to her, even though the father is of good character and otherwise without fault. (*Fernandes* v. *Fernandes*, 32 Haw. 608; *Robello* v. *Robello, supra.*)

The order appealed from should be affirmed and it is so ordered.

*P. L. Rice* and *J. E. Parks* for appellant.

*W. C. Achi* for appellee.