# INA CRAVEN YANKOFF *v.* VICTOR YANKOFF.

## NO. 2856.

ARGUED MAY 7, 1953.                    DECIDED MAY 19, 1953.

TOWSE, C. J., LE BARON, J., AND CIRCUIT JUDGE JAMIESON
IN PLACE OF STAINBACK, J., DISQUALIFIED.

OPINION OF THE COURT BY LE BARON, J.

This is a writ of error sued out by the father of two
minor children, boys of eight and six years, after the
mother had obtained a decree of absolute divorce from him
for his mental and extreme cruelty toward her. The de-
cree by its terms expressly reserved for future consider-
ation questions of permanent alimony, division of com-
munity property, final custody of the children, their sup-
port and maintenance, the mother's entitlement to an at-

torney's fee and all other phases of the case flowing from the grant of absolute divorce. Pursuant to that reservation, amendments in supplement of the original decree were made. This writ pertains to the last two. The pertinent part of the first amendment on error awards final custody of the children to the mother with permission to take them to the mainland of the United States. The pertinent part of the second amendment on error orders the father to pay $75 to the mother's attorney as a fee. The specification of alleged errors on which the father relies for reversal challenges the award of custody, but only with respect to the younger child. It also challenges the order to pay $75 as attorney's fee. It presents two questions of law. The first is whether, upon giving paramount consideration to the welfare of both children of the parties, the evidence is sufficient to support the award of final custody in so far as it affects the younger child in contradistinction to the older child. The second question is whether the trial judge was warranted to order payment of an attorney's fee under the facts and circumstances of this case.

As to the first question, the substantial evidence throughout the voluminous record clearly establishes that the mother as a person is the far more suitable parent to have the custody of both children or either one of them than is the father as a person. There remains the sole consideration as to whether the best interests and welfare of the children lie in the mother's custody on the mainland or in the mother's and the father's divided custody, with the younger child of six in Honolulu with his father and the older child of eight on the mainland with his mother. With respect to that consideration, the father concedes in effect that it is for the best interests of the older child to be with the mother, whom he recognizes as a fit and proper

custodian by acceding to the award with respect to that child. He contends, however, that it would be for the best interests of the younger child to be separated from brother and mother and be awarded to him. He bases that contention on the inconsistent claim that the mother, while admittedly fit with respect to the older, is unfit with respect to the younger child. But he points to no clear and convincing evidence to support that claim. On the contrary, the evidence is that the father, if awarded custody of the younger child, would be unable to properly care for him without the home and assistance of a neighbor or of the child's paternal grandmother. The difficulty with the position taken by the father is that he apparently ignores what is for the best interests of both children, which, in our opinion, primarily guided the trial judge in awarding final custody to the mother. With due regard to his primary right to have custody of the children, their welfare has and must have paramount consideration. (*Dascoscos* v. *Dascoscos,* 38 Haw. 265.) Pursuant to that rule, it is obviously for the best interests of such children of tender years not to be separated from each other but to be together with their mother, particularly where the father does not want both of them to be with him and is in no position himself to be with and to give the one child a proper home. In such a case the mother is the more fit and proper custodian and her custody the more beneficial to the children. Her custody of them will not be disturbed. (See *Re Thompson Minor,* 32 Haw. 479; *Fernandes* v. *Fernandes,* 32 Haw. 608; *Robello* v. *Robello,* 33 Haw. 90; *Dela Cruz* v. *Dela Cruz,* 35 Haw. 95; *Jay* v. *Jay,* 37 Haw. 34.) The first question is therefore answered in the affirmative.

As to the second question, the general rule is that "attorney's fees cannot be awarded as damages or costs where

not so provided by statute, stipulation or agreement." (*Jones* v. *Dieker, A.K.A. Smith,* 39 Haw. 448 at 455, for collection of Hawaiian cases.) Concededly there is no stipulation or agreement providing for an attorney's fee and no pertinent exception to bring this case outside the rule prohibiting award of such a fee. Nor is it seriously argued that a statute permits one in this case under its particular facts and circumstances. Nevertheless, this court will briefly consider the only possible statutes having any bearing upon the question. They are sections 12224 and 12226, Revised Laws of Hawaii 1945.

Section 12224 applies only where the wife in a divorce case is "under restraint or in destitute circumstances." On the other hand, section 12226 is pertinent only as to the second paragraph, which applies to proceedings instituted by motion of a former wife or husband to modify a decree of divorce with respect to permanent alimony.

Neither statute on its face has the slightest application to the facts and circumstances of this case. The mother was not made to appear as a wife "under restraint or in destitute circumstances" so as to invoke the provisions of section 12224. On the contrary, she paid her attorney a fee of over a thousand dollars and received $14,000 in a property settlement. Nor is there any occasion to invoke the provisions of the second paragraph of section 12226 so as the justify an award of attorney's fees where, as here, the mother's award of permanent alimony remains intact without ever being subjected to modification in any way since its entry. By virtue of the general rule prohibiting the award of attorney's fees, the second question is answered in the negative.

Amendment in awarding custody affirmed. Amendment in ordering payment of attorney's fee in the sum of $75 reversed. Cause remanded with instructions to delete

that particular order of payment.

*H .Y. C. Choy (Fong, Miho & Choy* and *C. W. H. Fong* on the briefs) for plaintiff in error.

*L. S. Sterry (Lewis, Buck & Saunders* with him on the brief) for defendant in error.