Smith v. State.

court, because I think the object of the Legislature in the act in controversy was merely to hasten the execution of sale, after the affirmance of the decree below, and a remand of the case, and that the act was within the competency of the Legislature.

JIM SMITH v. THE STATE.

CRIMINAL INTENT. *Degrees of intent.* Under an indictment for an assault with intent to commit murder in the first degree, under sec. 4626 of the Code, a conviction may be had for an assault with intent to commit murder in the *second* degree, under sec. 5222 of the Code.

FROM SHELBY.

Appeal from Criminal Court of Shelby County. J. E. R. RAY, Judge.

T. H. LOGWOOD for plaintiff in error.

ATTORNEY-GENERAL LEA for the State.

DEADERICK, C. J., delivered the opinion of the court.

The plaintiff in error was indicted in the Criminal Court of Memphis, for an assault with intent to commit murder in the first degree, under sec. 4626 of the Code.

Smith *v.* State.

The judge instructed the jury correctly as to the offense charged in the indictment, and told them if they thought the evidence would not justify a verdict for that offense, that the indictment also embraced a charge of an assault with intent to commit murder in the second degree, a charge of an assault with intent to commit voluntary manslaughter, and the further charge of an assault and battery. His Honor also correctly defined what would constitute murder in the second degree, voluntary manslaughter, assault, and assault and battery.

Under the foregoing instructions of the court, the jury rendered a verdict of guilty of an assault with intent to commit murder in the second degree. The evidence is not set out in the record.

This verdict is a virtual acquittal of the charge of an assault with intent to commit murder in the first degree. 3 Hum., 25; 1 Bish. Cr. L., sec. 888; 2 Whar. Cr. L., sec. 1123. In respect to a conviction of assault and battery, this may be had under the express authority of the act of 1832, ch. 32; sec. 5223 of the Code. An assault with intent to commit murder in the first degree, is a statutory offense, created by the act of 1829. Code, sec. 4626. And it has been held by this court, that in order to convict of the offense charged, under this act, it must appear that the assault was of such a character and made under such circumstances, that had death ensued, the offender would have been guilty of murder in the first degree. 2 Hum., 439; 9 Hum., 455.

The question presented in this record is whether

under this indictment a conviction of assault with intent to commit murder in the second degree can be sustained. A majority of the court is of opinion that it can be, under sec. 5222 of the Code, which is as follows:

"Upon an indictment for any offense consisting of different degrees, the jury may find the defendant not guilty of the degree charged in the indictment, and guilty of any degree inferior thereto, or of any attempt to commit the offense; and the defendant may also be found guilty of any offense the commission of which is necessarily included in that with which he is charged, whether it be a felony or misdemeanor."

In this conclusion I do not concur. In my opinion, the statute which is brought into the Code in sec. 4626 was intended to punish only an assault with intent to commit murder in the first degree, and no other inferior offense. But after its passage, it appeared that offenders prosecuted under it often escaped, or that offenses were prosecuted under it that did not amount to the degree of criminality requisite to a conviction, and the act of 1832 was passed allowing the jury to acquit of the felony charged and convict of a simple assault or assault and battery, so that offenders who deserved some punishment might not wholly escape. But there is no statute which gives the jury, where an *intent* to commit a specific crime is charged, power to convict of an *intent* to commit a different crime.

Section 4630 of the Code makes an assault with intent to commit a felony or an attempt to com-

mit one, a felony, and prescribes the punishment. And it is by this section that an assault with intent to commit murder in the second degree or manslaughter is made a felony, and not by sec. 4626. But the new felony so created should be charged by indictment, and the specific intent necessary to constitute the offense should also be charged and proved. For it is the intent, purpose and design with which the assault is made, that determines the question of guilt. And it is indispensable not only that the specific intent should be charged, but that it should be proved precisely as it is charged in the indictment.

The offense charged is not the actual commission of the crime, which might include different degrees or other offenses, but is a charge of an assault with a single intent to commit a specific offense. It is the intent with which the assault is committed that constitutes the offense. The intent only gives the assault its felonious character. The intent forms the gist of the offense, and where the intent constitutes the offense it must be proved. 1 Whar. Cr. Law, sec. 1279; 2 Swan, 399. And if the prisoner's real intent were not the same which the indictment specifies, he must be acquitted. 1 Bish. Cr. Law, sec. 666.

In this case the indictment charges an intent to commit murder in the first degree. Here is a direct charge of a single intent to commit one specified offense. The intent with which the assault is committed is not susceptible of being divided, like murder actually consummated, into grades or degrees, nor can it be said to include an intent to do a different thing

from that charged, but in the nature of it, being an intent to do a particular thing with specific penalty for that intent, excludes the idea of an intent to do another and different thing. In its nature it is a single, substantive and independent offense, made so by legislative enactment, to punish the offense of an assault made felonious, only because of the intent to commit the highest crime known to our laws.

But it cannot in my opinion be maintained logically, that the intent to commit a specific crime can be divided into degrees, nor can we easily conceive of an attempt to commit an assault with intent to commit murder in the first degree. Then, unless the conviction in this case can be sustained upon that part of sec. 5222 of the Code which provides that the "defendant may be found guilty of any offense the commission of which is necessarily included in that with which he is charged, whether it be a felony or misdemeanor," such a conviction cannot be sustained at all.

In my opinion that section has application only to crimes which have been actually committed or completed, and not to assaults with intent to commit, or of attempts to commit, except that it expressly empowers the jury, in the case of indictment for crimes of different degrees, to convict for attempt to commit such crime. Under this part of sec. 5222, a conviction for larceny could be had upon an indictment for robbery, for larceny is "necessarily included" in every robbery. But where "intent" is the gist of an offense, and an intent to do a specific thing is charged, an

intent to do a different thing is not "necessarily in-cluded" in the intent charged.

The act of 1829 was not intended to include any other intents than that specified. In murder in the second degree or manslaughter, premeditation and de-liberation do not enter; yet if under an indictment for assault with *intent* to commit murder in the first degree, a conviction can be had for assault with intent to commit murder in the second degree or manslaugh-ter, you have the deliberate design or intent to com-mit those offenses found by the jury; for by the sig-nification of the term "intent," both premeditation and deliberation are implied. Yet by acquitting of the intent to commit murder in the first degree, the jury have negatived the existence of premeditation and de-liberation.

Webster defines "intent" to mean a design, a pur-pose, intention, meaning, drift, aim. Burrill defines it to be, "the presence of *will* in the act which con-summates a crime. It is the exercise of intelligent will, the mind being fully aware of the nature and consequences of the act which is about to be done, and with such knowledge and with full liberty of action willing and electing to do it."

In the verdict rendered in this case, the jury has acquitted defendant of the assault with intent to com-mit murder in the first degree, and in the conviction of an assault with *intent* to commit murder in the second degree, in substance though not in form, find the existence of premeditation and deliberation, of

which their verdict of not guilty as to the first degree denied the existence.

We can readily understand how the charge of robbery "necessarily includes" the charge of larceny. Larceny is the felonious taking and carrying away the personal goods of another. Code, sec. 4677. Robbery is the same, with the addition that the taking must be by violence or putting in fear. Code, sec. 4631. So every battery "necessarily includes" an assault. Other offenses might be mentioned as "necessarily including" other or inferior offenses, but the foregoing examples are sufficient to illustrate cases in which the offense charged in the indictment "necessarily includes" other offenses. And to such cases, of offenses actually consummated, the paragraph of sec. 5222 of the Code now under consideration, in my opinion, only applies. And it does not apply to the case of an assault with intent to commit murder in the first degree. This offense at common law was but a misdemeanor, and the very terms of the act of 1829 making it a felony, and judicial construction of it, show that in order to a conviction under it, the single *intent* charged in the indictment to do the specific act alleged must be established by proof. And there is no statute conferring authority to resolve single intent into degrees or other intents, so as to expand it as "necessarily to include" other intents.

It will be borne in mind that the indictment is not for the actual commission of murder, which does consist of different degrees, but for a felonious *intent* to commit one specific offense. It has been held by

Smith *v.* State.

this court, and I think correctly, that upon an indictment for assault with intent to commit murder in the first degree, a defendant cannot be found guilty of malicious shooting. 2 Cold., 178. Yet to convict of malicious shooting, the same evidence is required as would be necessary to sustain a conviction of murder in the second degree if death had ensued.

Believing that section 5222 of the Code only applies to offenses that have been consummated, and contradistinguished from assaults with intent to commit a felony, and believing further that an intent to commit crime must be proved as charged, and that such an intent is not susceptible of being divided into different degrees, and that an intent to do one thing excludes the idea of an intent to do another and a different thing, I cannot concur in the opinion of the majority of the court.

The majority of the court holds that the conviction was right, and that the judgment should be affirmed.