STATE ex rel. CHARLES BACIGALUPO v. JOHN J. O'CONNOR.[1]

July 28, 1911.

Nos. 17,245—(252).

**City ordinance reasonable — restraint of trade.**

> An ordinance which reads: "All berries, cherries, dates and figs exposed for sale in any store, shop or building shall be protected from flies, and all fruits, berries and candies exposed for sale outside of a building, or in any wagon or cart, shall be protected from both flies and dust"—is not an unnecessary interference with private rights, and is not an unreasonable requirement, or impossible of performance, and is not in restraint of trade, or contrary to the provisions of the state or Federal Constitution.

Relator was arrested on a warrant from the municipal court of St. Paul, charged with violating the city ordinance quoted in the opinion, and upon his petition the district court for Ramsey county issued its writ of habeas corpus directed to the chief of police. Upon the hearing on the return day the court, Kelly, J., discharged the writ, and remanded the prisoner to the custody of the police to be dealt with according to law. From that order, he appealed. Affirmed.

*T. P. McNamara* and *George C. Sudheimer,* for appellant.
*John A. Burns,* for respondent.

LEWIS, J.

The relator was arrested on a criminal warrant issued from the municipal court of the city of St. Paul, which charged that on June

[1] Reported in 132 N. W. 303.

[Note] For notes on various phases of question of validity of police regulation of sale of articles of food, see notes in 1 L.R.A.(N.S.) 184; 17 L.R.A. (N.S.) 684 (Labeling of food); 1 L.R.A.(N.S.) 918, 926, 932, 936 (Milk); 27 L.R.A.(N.S.) 677 (Meat inspection); 25 L.R.A.(N.S.) 1234 (Coloring matter); 29 L.R.A.(N.S.) 260 (Destruction of food below prescribed standard).

20, 1911, at the city of St. Paul, the relator did wrongfully, unlawfully, and wilfully expose berries, fruits, and candies for sale outside of a building, not having same protected from both flies and dust, contrary to the provisions of an ordinance to protect fruits and candies from flies and dust, approved May 23, 1911. The matter comes to this court upon appeal from an order of the district court denying a writ of habeas corpus.

Section 1 of the ordinance reads as follows: "All berries, cherries, dates and figs exposed for sale in any store, shop or building shall be protected from flies, and all fruits, berries and candies exposed for sale outside of a building, or in any wagon or cart, shall be protected from both flies and dust." Any violation of its provisions is made a misdemeanor, and subject to a fine of not less than $5 nor more than $25.

It is well settled that the police power extends to all matters where the general welfare, morals, and health of the community are involved, and the right to exercise the power, in the regulation of business affairs, has been so often determined by this court, that nothing would be gained by referring at this time to the decisions in detail. If the legislative authorities have the power to regulate the sale of cottolene, baking powder, farm and dairy products, to control butchers, the business of pharmacy, to enforce vaccination of school children, to regulate the smoke nuisance, and compel street car companies to sprinkle their tracks for the protection of the public health, then no question should arise as to the legislative power to protect fruits and candies from being exposed where they will accumulate the germ-laden dust of the streets or permit contact with flies.

The fact that the enforcement of the ordinance may require some radical change in the method of conducting a business does not necessarily furnish a defense to its enforcement. A privilege long countenanced does not always amount to a personal right. It is a very convenient and perhaps effective method of advertising fruit to display it in front of a store or on the street, in the view of the passerby; but if, by its accumulation of dirt and germs, the health of the consumer is menaced, then certainly the police power may be invoked

to take reasonable steps to abate this source of breeding disease, and, if necessary, may entirely deprive the vender of fruit of the privilege of exposing it in the open air. The ordinance is a movement in the right direction. It speaks for health and cleanliness, and every right-thinking person ought to be in sympathy with a movement of this kind.

Properly construed, the ordinance is not designed to be burdensome, and it ought to be possible to provide some method of adequate protection without depriving exhibitors of the right to display their goods in the open. It may not be possible to completely protect fruit from dust, unless it is isolated in such a manner as to keep out the air; and, of course, that would result in the deterioration of the fruit, if kept confined too long. A fair meaning of its provisions is that fruit kept on exhibition on the outside of a building shall be no more exposed to dust than when it is kept on the inside of a building. The ordinance contemplates that every reasonable precaution should be taken to protect fruit from dust and flies when exposed in the open, and at the same time not result in its deterioration for lack of air. If experiment determines that this result is not possible without shortening the time to which fruit shall be confined, then such inconvenience as may result from it must be assumed by the fruit vender.

The ordinance is bitterly criticised because its provisions include all fruits, such as oranges and bananas, which it is claimed require no protection. While, no doubt, a distinction may be drawn between such fruits and others, such as berries, it is not for the courts to say that even oranges and bananas should not be protected against the accumulation of dust and the approach of flies. Surely even those fruits are much more wholesome and less dangerous in scattering germs when kept free from flies and dust.

Something may be said in opposition to the enforcement of such restrictions in the case of wholesale or commission houses, where boxes are opened and exposed for the temporary purpose of displaying the contents to prospective purchasers. Here again the court cannot interfere and declare the ordinance void, for uncertainty, or as an infringement upon the personal rights of such merchants,

merely because it will create an inconvenience in their method of conducting business. If experience shows or develops the fact that the enforcement of the ordinance seriously interferes with the conduct of the business of those merchants, redress must be sought with the legislative power, and not with the courts.

Our conclusion is that the ordinance is not unreasonable, and is not impossible of performance, and it is not in restraint of trade, nor in conflict with any provisions of the state or Federal Constitution.

Affirmed.