## TERRITORY OF HAWAII *v.* HOP KEE.

RESERVED QUESTIONS FROM CIRCUIT COURT, FIRST CIRCUIT.

SUBMITTED JULY 17, 1912.                    DECIDED JULY 31, 1912.

ROBERTSON, C.J., PERRY AND DE BOLT, JJ.

MUNICIPAL CORPORATIONS—*validity of health ordinance.*

Section 1 of Ordinance No. 30 of the city and county of Honolulu, making it unlawful to expose for sale or to sell from any stock in trade within the municipality any game meat, poultry meat, butcher's meat, fish or sea food unless the same shall be protected from dust, dirt, and from contact of and contamination by flies and other insects and from promiscuous handling, and section 4 of said ordinance making it the duty of certain officers to enforce the provisions of the ordinance, and authorizing them to have access to any market, stall, store, stand or other place mentioned in the ordinance for the purpose of inspection, held to be within the power of the city and county of Honolulu to enact; held also that the provisions of those sections do not take property without due process of law; are not unreasonable, uncertain or indefinite or impossible of enforcement; and do not involve a void delegation of legislative power.

SAME—*sufficiency of charge for violation of ordinance.*

A charge of violating section 1 of said ordinance, in that the defendant "unlawfully and wilfully did expose for sale and sell

certain foodstuffs, to wit, meat," is not demurrable on the ground that it does not designate the kind of meat which the defendant is accused of having exposed for sale and sold.

### OPINION OF THE COURT BY ROBERTSON, C.J.

The defendant appealed to the circuit court of the first circuit from a conviction by the district magistrate of Honolulu upon the following charge: "That one Hop Kee, at Honolulu, City and County of Honolulu, Territory of Hawaii, during two weeks last past prior to and including the 4th day of December, A. D. 1911, unlawfully and wilfully did expose for sale and sell certain foodstuffs, to wit, meat, in those certain stalls, being stalls Nos. 2, 3, 4, 5, 6, situate in the fishmarket in said Honolulu, without the same being then and there protected from dust, dirt, and from contact and contamination by flies and other insects contrary to the provisions of section 1 of City and County ordinance No. 30."

The defendant demurred to the charge on several grounds which raise questions concerning the validity of ordinance No. 30, and the sufficiency of the charge. The circuit court reserved the points raised for the consideration of this court.

It is contended that the ordinance is in conflict with the Fifth and Fourteenth Amendments of the Constitution which declare that no person shall be deprived of property without due process of law; that it is unreasonable in its provisions, and it is practically impossible to comply with and enforce the same; that it is not a reasonable exercise of the police power; that it is void for indefiniteness and uncertainty; that it is beyond the power of the municipality to enact; and that it is a void deledation of legislative power in that it constitutes the city and county physician, the food, meat, fish and sanitary inspectors and police officers the judges of what shall be a sufficient protection from dust, dirt, promiscuous handling and contamination of meat, fish and foodstuff. And the demurrer sets up that the charge is insufficient in that it charges no violation of the

ordinance in question; that it is so indefinite, vague and uncertain, that no valid judgment can be rendered under it against the defendant; and that it does not inform the defendant of the nature and cause of the accusation against him.

The ordinance is entitled, "An Ordinance providing for the protection of game meat, poultry meat, butcher's meat, fish and sea food, from dust, dirt, contact of and contamination by flies and other insects, and from promiscuous handling, and other contamination," and section 1 provides that "It shall be unlawful to expose for sale or to sell from any stock in trade within the City and County of Honolulu, Territory of Hawaii, any game meat, poultry meat, butcher's meat, fish or sea food unless such foodstuffs shall be protected from dust, dirt and from contact of and contamination by flies and other insects, and from promiscuous handling and other contamination."

The legislature has conferred upon the city and county of Honolulu power to enact all ordinances necessary for the protection of the health of the municipality and its inhabitants, expressly including matters of sanitation. Act 118, Sec. 23, Session Laws of 1907, as amended by Act 79, Sec. 2, and Act 99, Sec. 1, of the Session Laws of 1909. The validity of this legislation is not questioned. The control of local health and sanitary matters is one of the important powers commonly conferred upon municipalities. "The power of cities and towns to adopt ordinances and by-laws for the preservation and promotion of the health of their inhabitants has often been upheld as an exercise of the police power and is one of their most necessary and salutary powers." *Com.* v. *Cutter,* 156 Mass. 52, 54. With the growth of commerce and development of traffic with distant communities, and with the increase of population in trade centers, the importance of the subject increases, and modern experience shows that private convenience and individual freedom of action is required to yield to the public good in respects where formerly there was observed no necessity for legislative interference. The object of the ordinance in ques-

tion, undoubtedly a beneficial one, has been clearly stated in its title, and the provisions contained in the ordinance, in so far as it is now necessary to examine them, seem adapted to further that object.    In *State* v. *O'Connor,* 115 Minn. 339, a case which has been rather severely criticized by counsel for the defendant, but which we believe was well decided, and is in point, it was held that an ordinance providing that "all berries, cherries, dates and figs exposed for sale in any store, shop or building shall be protected from flies, and all fruits, berries and candies exposed for sale outside of a building or in any wagon or cart, shall be protected from both flies and dust," is not an unnecessary interference with private rights, and is not an unreasonable requirement or impossible of performance, and is not contrary to any constitutional provision.    The court there said: "It is well settled that the police power extends to all matters where the general welfare, morals, and health of the community are involved, and the right to exercise the power, in the regulation of business affairs, has been so often determined by this court, that nothing would be gained by referring at this time to the decisions in detail.    If the legislative authorities have the power to regulate the sale of cottolene, baking powder, farm and dairy products, to control butchers, the business of pharmacy, to enforce vaccination of school children, to regulate the smoke nuisance, and compel street car companies to sprinkle their tracks for the protection of the public health, then no question should arise as to the legislative power to protect fruits and candies from being exposed where they will accumulate the germ-laden dust of the streets or permit contact with flies.    The fact that the enforcement of the ordinance may require some radical change in the method of conducting a business does not necessarily furnish a defense to its enforcement.    A privilege long countenanced does not always amount to a personal right. It is a very convenient and perhaps effective method of advertising fruit to display it in front of a store on the street, in the view of the passer-by; but if, by its accumulation of dirt

and germs, the health of the consumer is menaced, then certainly the police power may be invoked to take reasonable steps to abate this source of breeding disease, and, if necessary, may entirely deprive the vender of fruit of the privilege of exposing it in the open air.    The ordinance is a movement in the right direction.    It speaks for health and cleanliness, and every right-thinking person ought to be in sympathy with a movement of this kind."

Those observations apply with force to the case at bar.

The contention that the ordinance is indefinite and uncertain is based on the fact that the ordinance does not prescribe the method to be followed in protecting foodstuffs from dust, dirt and contamination.    Counsel cites the case of *St. Louis* v. *Heitzberger Packing Co.,* 141 Mo. 375, 388, where it was said that "All valid ordinances must fix the duty or liability of the citizen by certain intelligible prescribed rules so that he may govern himself accordingly."    The rule as to certainty in ordinances has been stated in a recent case in this language:    "Ordinances must be so definite and certain as to leave no reasonable doubt as to what is intended, but their terms will not be so strictly construed as to defeat their purposes, if they are sufficiently definite to be understood with a reasonable certainty."    *Smith* v. *New Albany,* 93 N. E. (Ind.) 73, 77.    We think that the first section of the ordinance under review complies with the rule as laid down in the cases referred to.    The duty required by it to be performed is definitely prescribed in clear terms, and that duty should readily be gathered by a person of ordinary intelligence to be the protecting, when exposed for sale, of the foodstuffs enumerated from dust and dirt and from contamination by insects and promiscuous handling.    The rule as to defining statutory offenses is thus stated in 12 Cyc. 141, 142: "In creating an offense which was not a crime at common law, a statute must of course be sufficiently certain to show what the legislature intended to prohibit and punish, otherwise it will be void for uncertainty.    But a penal statute is sufficiently cer-

Territory v. Hop Kee, 21 Haw. 206.

tain, although it may use general terms, if the offense is so defined, as to convey to a person of ordinary intelligence an adequate description of the evil intended to be prohibited." It is not necessary to the validity of the ordinance that the particular method to be pursued in the performance of the duty should have been prescribed. We take it that the adoption of any reasonably effective method would constitute a compliance with the requirement. And it is not a tenable objection that the courts are ultimately to decide whether or not in a given case the duty imposed by the ordinance has been performed.

It is also contended that the ordinance is void because it contains a delegation to the courts of the power to fix the penalty for its violation, and that the municipality is without power to make such delegation. Section 23 of the municipal act provides that the board of supervisors shall have power to prescribe fines, forfeitures and penalties for the breach of any ordinance, but no penalty shall exceed the amount of five hundred dollars or six months' imprisonment or both. It is not necessary that an ordinance such as the one involved here should fix an exact and invariable penalty for its violation. The defendant cites the case of *Lambertville* v. *Applegate,* 73 N. J. L. 110, where it was held that "the determination of the penalty that will be likely to induce peddlers to take out the prescribed license or to deter them from pursuing their calling without one, is purely a legislative question, hence when the authority to prescribe such penalty is conferred upon a legislative body such body must itself fix the precise sum of such penalty." But the court in that case referred to the rule which applies to the case at bar in the following language: "Where the fixing of the amount of the penalty presents a judicial question arising from the circumstances of each case that calls for its imposition, the exercise of such right by a magistrate within limits prescribed by the legislative body of the municipality is not deemed a delegation by such body of its authority, but only a mode for its more effi-

cient exercise." See also 2 Dillon Mun. Corp. (5th ed.) Sec.
613; 28 Cyc. 355.

The contention that the ordinance was beyond the power of
the municipality to enact because in conflict with a regulation of
the territorial board of health seems to have grown out of a mis-
application of a provision of section 62, chapter 39 of the Ses-
sion Laws of 1905, which applied to the counties and has since
been amended. Section 23 of the municipal act of 1907, as
amended by section 3 of Act 79 of the Session Laws of 1909,
provides that no ordinance shall be held invalid on the ground
that it covers a subject embraced in a statute of the Territory
even though the two conflict. With the wisdom of permitting
such a duplication of regulations this court has nothing to do.
We find no merit in the defendant's contention on this point.
*Territory* v. *Dondero,* 21 Haw. 19, 30. Nor can we sustain the
claim that the ordinance involves a void delegation of legisla-
tive power by constituting certain executive officers the judges
of what shall be a sufficient protection of the foodstuffs from
dust, dirt and contamination. Section 4 of the ordinance pro-
vides that "It shall be the duty of the city and county physi-
cian, the food, meat, fish and sanitary inspectors and the police
officers of the city and county of Honolulu to enforce the pro-
visions of this ordinance, and for such purpose all of the said
officials and officers shall, at all reasonable hours, have access
to any market, market stall, store, stand, or other place herein
mentioned, for the purpose of inspection." The authority so
given to the officials named is, as stated, for the purpose of in-
spection. The duty assigned to them to "enforce" the ordinance
means that the officers shall make complaint and cause the in-
stitution of legal proceedings whenever they find or believe that
the ordinance is not being complied with. The section does not
purport to constitute those officers the judges of the question
whether the ordinance has been violated, and we see nothing
in the provision to warrant the contention advanced in this
connection. In *St. Louis* v. *Heitzberger Packing Co.,* supra,

Territory v. Hop Kee, 21 Haw. 206.

an ordinance declaring the emission into the open air of dense black or thick gray smoke within the limits of the city of St. Louis to be a nuisance was held void because in excess of the powers of the city under its charter. In reply to the charge that the ordinance was unreasonable in essaying in advance of any known device for preventing dense smoke from the soft coal mined in the vicinity and used in the city, to punish all who produce such smoke in any degree whatever, it was said that the ordinance was not enforced in all its strictness but much was left to the discretion of the inspectors. With reference to that argument the court said "then we have an unregulated official discretion which of itself renders the ordinance void, for it cannot be tolerated that the rights of a citizen in this state shall depend entirely upon the caprice of any official, high or low." This language, which counsel for the defendant quotes in his brief, has no application in the case at bar.

We have examined all the cases cited in the defendant's brief and find nothing in any of them that would justify us in declaring the ordinance in question to be void. We hold that the provisions of this ordinance, in so far as they have been assailed in this case, were within the power of the city and county of Honolulu to enact; that they do not deprive the defendant of his property without due process of law; that they are not unreasonable, uncertain, indefinite or impossible of enforcement; and that they do not involve a void delegation of legislative power.

The only point sought to be made in support of the objections raised to the form of the charge entered against the defendant is that the kind of meat the defendant is alleged to have exposed for sale and sold has not been specified. We think the charge is not demurrable on the ground urged. What kind of meat other than game meat, poultry meat or butcher's meat the charge might possibly refer to has not been suggested. The charge is sufficient so far as the point sought to be made is con-

cerned.   The defendant desiring the specification referred to might obtain it upon a motion for a bill of particulars.

The circuit court is advised that the demurrer should be overruled.

*F. W. Milverton, Deputy City and County Attorney,* for the Territory.

*A. S. Humphreys* for defendant.

