## KIN OKUBO, SOMETIMES KNOWN AS KIN SATO, v. TOSAKU SATO.

### No. 1731.

APPEAL FROM CIRCUIT JUDGE FIRST CIRCUIT.
HON. J. R. DESHA, JUDGE.

SUBMITTED MARCH 30, 1927.                    DECIDED APRIL 5, 1927.

PERRY, C. J., BANKS AND PARSONS, JJ.

MARRIAGE—*annulment*—*presumptions*.

> In a suit for the annulment of a marriage the presumption is that the marriage is valid and the burden is upon the libelant to prove the incompetency of the libelee to enter into the marriage.
>
> In such a case the presumption of the continuance of life in an earlier wife of the libelee yields, at least after a lapse of twenty-four years, to the presumption of innocence of the libelee of the commission of any crime and to the presumption of the validity of the marriage and the legitimacy of the children.

OPINION OF THE COURT BY PERRY, C. J.

This is a suit for annulment of marriage based upon the ground that at the time when the libelant and the libelee were married the libelee had a prior wife living and undivorced. The libelee in his answer admitted that he was married to the libelant on March 15, 1916, and that there are two children, issue of the marriage, one a girl now of the age of seven and the other a boy now of the age of four. In proof of the allegations of her complaint the libelant called the libelee to the witness stand. His testimony was that in November, 1899, he married a first wife in Japan and came with her to Hawaii; that she returned to Japan about twenty-four years ago; that prior to her return a paper which he called a divorce had been executed; that since her re-

turn to Japan he has not at any time furnished her any support and has "never had correspondence with her"; that he has never heard of the first wife's death and does not know whether she is still alive or. whether she was alive in 1916; that when she left for Japan she was twenty years old and in good health. On further examination it was made clear by the libelee's testimony that he had not at any time been legally divorced from his first wife. A finding that the first wife, if living, is still undivorced would be required by the evidence.

There was no other evidence, direct or indirect, tending to show whether at the time of the second marriage the first wife was living or dead. The only evidence that can be referred to as possibly supporting the decree of annulment rendered herein by the trial judge would be the presumption from the fact of a former marriage that the first wife continued to live until the contrary should be shown. It is true that under some circumstances courts may indulge in the presumption of the continuance of life. In this case, however, there is a presumption of the validity of the later marriage and a presumption that the husband was not guilty of the crime of bigamy or of adultery and a further presumption that the two children of the marriage are legitimate. The presumption of continuance of life varies in strength in accordance with the circumstances of each particular case. When, as in this instance, the wife has not been heard from for twenty-four years and had not been heard from for fourteen years at the time of the second marriage, the presumption is at best very much weaker than if the person in question had been shown to have been living, for example, a year ago. Certainly under the circumstances of this case the presumption of the continuance of life must yield to the presumption of validity, innocence and legitimacy. This suit consti-

tutes a direct attack upon the marriage of the libelant
and the libelee. The burden, as in ordinary cases, is
upon the libelant to prove the essential allegations of her
petition. The marriage was performed in all respects in
accordance with the requirements of our laws and must
be presumed to have been lawful in the absence of proof,
clear and convincing, of lack of competency on the part
of the libelee to enter into the marriage. As has often been
stated, there is no legal presumption so highly favored
as that of innocence. 1 Jones on Evidence, 2d ed., Sec.
358. "It is generally held in civil cases that where there
are other and conflicting presumptions, the presumption
in favor of marriage shall prevail. Thus the presump-
tion of life or of the continuance of a marriage will not
prevail over the presumption that a subsequent marriage
is valid and that the parties' are innocent of bigamy."
19 A. & E. Ency. L. 1203. "When there has been a
formal marriage, according to legal requirements, the
law will presume the competency of the parties to enter
into the marriage contract, and will presume that any
former marriage of either of the parties was dissolved
by death or divorce. This is based on the desire of the
law to protect innocence, morality and legitimacy rather
than presume the continuance of the first marriage.
When a marriage is proved according to statutory forms,
it will be presumed to be legal until shown to be
illegal." *Lopez* v. *Ry.,* 222 S. W. (Tex.) 695, 697. "The
law ordinarily presumes a continuation of life until
seven years have elapsed after a person has been last
heard of. But this presumption is not a conclusive one;
and, where that presumption would, as in the present
case, render the party against whom it is raised guilty
of a bigamous marriage, and would stamp his child as
a bastard, the presumption of innocence of crime over-
comes that of continuance of life, even though seven

years have not elapsed." *Tyll* v. *Keller,* 120 Atl. (N. J.)
6, 7. To the same effect are *Murchison* v. *Green,* 128 Ga.
339 (11 L. R. A., N. S., 702, 703, 704) ; *Vreeland* v. *Vree-
land,* 34 L. R. A., N. S., (N. J.) 940, 944; *Hunter* v.
*Hunter,* 31 L. R. A. (Cal.) 411, 414; 38 C. J. 1329;
*Smith* v. *Fuller,* 16 L. R. A., N. S., (Iowa) 98, n.

The decree appealed from is reversed and set aside
and the cause is remanded to the trial judge for the
admission of further evidence, if any is offered, and for
such further proceedings as may be appropriate not
inconsistent with this opinion.

*Lightfoot & Lightfoot* for libelant.

*Heen & Godbold* for libelee.

