ISAAC SOLOMON *v.* NIULII MILL & PLANTATION, LIMITED, ET AL.

No. 2054.

Argued December 14, 1932.     Decided December 28, 1932.

Perry, C. J., Banks and Parsons, JJ.

OPINION OF THE COURT BY BANKS, J.

The plaintiff (appellant) obtained a verdict for $3,030 against the defendant in an action of trespass. Thereafter the defendant filed a motion for a new trial, setting up eighteen separate and distinct grounds. The motion was sustained, the verdict was set aside and a new trial was granted. The circuit court did not specify upon what ground or grounds its order was based but set aside the verdict and granted a new trial in general terms. The plaintiff excepted to the order of the court and has brought the case here on a bill of exceptions. The defendant now moves to dismiss the bill of exceptions on the ground that the exception is too general.

The plaintiff in his bill of exceptions, after reciting the fact that the jury returned a verdict in favor of the plaintiff and against the defendant in the sum of $3,030, recited the further fact that the defendant filed a motion praying that the verdict be set aside and a new trial be

granted. Following these recitals there is embodied in the bill of exceptions a verbatim copy of the defendant's motion, including each of the eighteen grounds upon which it was based. The bill also recites the hearing of the motion and the date of its hearing and the action of the circuit court in granting it. It then sets out literally the signed order of the judge granting the motion, which is as follows: "The motion of defendant Niulii Mill & Plantation, Limited, filed herein on February 19, 1931, to set aside the verdict of the jury rendered in this court and cause, and filed on February 12, 1931, in favor of the plaintiff and against said defendant, and for a new trial, coming on to be heard on March 24, 1931, and the court having heard the argument of counsel and being familiar with the evidence adduced on the trial of this cause before said jury, and said defendant having, on February 19, 1931, filed herein an approved bond on its motion for a new trial in the sum of $4000.00, and good cause therefor appearing; it is hereby ordered that the verdict of the jury rendered in this court and cause, and filed on February 12, 1931, in favor of the plaintiff and against the defendant, for the sum of $3,030.00 be and the same is hereby set aside and the defendant Niulii Mill & Plantation, Limited, be and it is hereby granted a new trial." Following the recital of this order in the bill of exceptions is the statement that "the plaintiff duly excepted to the foregoing order of the said court setting aside the said verdict and granting the defendant Niulii Mill & Plantation, Limited, a new trial and the said exception was allowed."

It is contended by the defendant that the exception taken by the plaintiff is deficient in that it does not specify in what respect the court erred in granting the motion. In other words, that to present an exception that would require the consideration of this court the

plaintiff should have repeated the grounds of the motion in the exception itself and should have excepted to the granting of the motion on each of these grounds separately. To have repeated the grounds of the motion in the exception would have been useless repetition since it would have added nothing to the information of the circuit judge, who already had the motion before him. Nor would it have added anything to the information of this court since the motion is incorporated in the bill of exceptions.

It is difficult to perceive how under the circumstances the exception could have been required to be more specific. The judge did not single out any ground or grounds upon which he based his conclusion but merely granted the motion without giving any reasons. The exception therefore went to the order of the court in its entirety and placed upon the plaintiff the burden of establishing the error of the court in granting the motion on any of the grounds therein assigned. We think, when the facts are considered, none of the decisions of this court bearing on the subject is in conflict with this conclusion.

In *Lemes* v. *Lusitana Society,* 32 Haw. 522, 525, this court had under consideration the following assignment of error: "The court erred in denying defendant's motion for a new trial." We held that the above assignment of error was too general to be available to the appellant and quoted from the syllabus in *Smith* v. *Laamea,* 29 Haw. 750, 760. The record in the *Lemes* case reveals that the appellant failed to set forth in the assignment of error the grounds upon which the motion for a new trial was based. The exception, as it was stated, cast upon the court the burden of searching the entire record to determine if there was any reason in law why the appellant's motion for a new trial should have been granted by the lower court. In *Smith* v. *Laamea, supra,* we had before

us an assignment of error "that the trial court erred in denying defendant's motion for a new trial." We pointed out that there was not even a showing in the record that a motion for a new trial had been made. The assignment of error was therefore too general, not only for the reason that it failed to set forth the grounds of the motion but that it failed to show that such a motion had been made. In *Estate of Malani,* 29 Haw. 713, the assignment of error merely stated that the lower court erred in finding that a certain party was not the legitimate daughter of another party but was illegitimate. We dismissed the writ of error, pointing out the policy behind the rule requiring an assignment of error to be specific. In that case the order might have been erroneous for a variety of reasons. The appellant could not shift the burden of searching for the error of the lower court to this court. In *Zen* v. *Koon Chan,* 27 Haw. 369, 372, the assignments of error in question read, respectively, "that the verdict in said cause is contrary to law," and "that the judgment in said cause is contrary to law." In holding the assignments to be indefinite we reviewed a large number of decisions, not only of this jurisdiction but of various States dealing with the requirement that both exceptions and assignments of error should be sufficiently specific to apprise the appellate court of the particular error committed by the lower court and relied upon for a reversal. We pointed out that the principle applicable to assignments of error is analogous to exceptions. In *Territory* v. *Alcantara,* 24 Haw. 197, 198, one of the defendant's exceptions was a general one to the entire charge of the court to the jury. It was held that the exception did not warrant consideration by this court for the reason that it did not direct our attention to a point of law which was specifically called to the attention of the trial court affecting the legality of its ruling.

The following cases contain pronouncements to the same effect as those referred to above: *Yim Fat* v. *Gleason,* 24 Haw. 210; *Territory* v. *Palai,* 23 Haw. 133.

In the case at bar the plaintiff's exception differs materially from the exceptions and assignments of error discussed in the above cases. Here the grounds of the motion for a new trial made in the court below expressly appear. Moreover, no one can say from the order of the trial court granting the motion on what ground its ruling was based. It may have been on any one or all of the grounds set forth. The plaintiff has fully sustained his burden of specifically pointing out the error alleged to have been committed by the lower court in granting the motion for a new trial by setting out all of the eighteen grounds on which the motion was based and excepting to the granting of the motion, thereby assuming the burden of showing that each and all of the eighteen grounds are without merit. He has done everything that could reasonably be required of him by the law to bring his exception to the attention of this court.

In addition to the motion to dismiss the bill of exceptions the defendant also moves for an affirmance of the order granting the motion for a new trial under Rule 6 of this court. The reason assigned for this latter motion is that in his brief the plaintiff limits himself to a discussion of only one of the eighteen grounds of the motion for a new trial. The argument is made that this constitutes a waiver of any objection to all the other grounds of the motion and therefore they should be taken as confessed. The necessity of passing on this question, we think, is obviated by the fact that the plaintiff has asked leave to file a supplemental brief in which all of the grounds of the motion for a new trial will be discussed. We think in the interest of justice and a full consideration of the case before us this request should be granted.

The plaintiff will be allowed additional time in which to file such supplemental brief.

The motion to dismiss the appeal is denied.

*H. Edmondson* (*Smith, Wild & Beebe* on the briefs) for the motion.

*J. V. Hodgson* (*E. C. Peters* with him on the brief) contra.