[Civ. No. 5836.   Fourth Dist.   June 23, 1958.]

JAMES J. MONTGOMERY, Appellant, v. CITY OF SAN DIEGO HEALTH DEPARTMENT, Respondent.

James J. Montgomery, in pro. per., for Appellant.

J. F. DuPaul, City Attorney, and Jack G. Whitney, Deputy City Attorney, for Respondent.

McCABE, J. pro tem.*—Plaintiff, appearing in propria persona, brought this action in declaratory relief against the City of San Diego Health Department seeking relief from the provisions of section 42.0130, San Diego Municipal Code. From the judgment and decree entered in favor of defendant, plaintiff appeals.

Plaintiff, a vendor of citrus fruits, sells his products from an open trailer drawn by a vehicle. His customers are householders in the city of San Diego, to whom he delivers the fruit at their homes. Prior to the trial he had been conducting this business for a period of approximately seven or eight years. Plaintiff picks up the fruit at the wholesalers in counties other than San Diego County and brings it into the city of San Diego by the above described process. It is conceded by plaintiff that his trailer is open and uncovered and that flies, dust and dirt could get onto the citrus fruits. Plaintiff sought a certificate of inspection described in the ordinance. After being denied the certificate plaintiff brought this action.

Although the named defendant was the City of San Diego Health Department, the city of San Diego, through its city attorney, appeared in the action and the case was tried by all parties upon the principle that the city of San Diego was in fact the defendant and, further, that the constitutionality of the ordinance in question was to be determined. Regardless of the form of pleadings we will accept the case upon the theory and principles upon which it was tried.

Section 42.0130 was amended in 1956, adding certain sub-

*Assigned by Chairman of Judicial Council.

sections to it. The new subsections of section 42.0130 about which plaintiff complains read as follows:

"(c) 3. Every vending vehicle shall be constructed in such a manner that all foods are protected from dust, dirt, flies, and other injurious materials . . .

"(c) 9. Each vending vehicle shall be inspected semiannually on scheduled dates by the Health Officer, or more frequently if in the opinion of the Health Officer such additional inspections are required in order to protect the public health and safety. The vending vehicle shall be loaded and ready for operation at the time of inspection. The Health Officer shall issue a certificate of inspection for the inspected vending vehicle if his inspection discloses that the vending vehicle and the operation thereof conform to the requirements of this Code. The certificate of inspection shall expire six months from and after the date of its issue and shall specify the particular food products or beverages which will be sold from the vending vehicle."

Plaintiff contends (1) under the provisions of the ordinance wholesalers of citrus fruits are not required to cover their loads and, therefore, there is an arbitrary and capricious distinction being made, (2) the ordinance is unconstitutional because it does not apply equally to all classes of persons engaged in the same type of occupation, (3) there is an unreasonable and improper delegation of authority to an administrative officer.

The court found and there is substantial evidence to sustain the finding that the fruit carried by plaintiff is entirely exposed and at all times is unprotected from dirt, flies, dust and other injurious materials. This finding will not be disturbed on appeal. (*Estate of Bristol,* 23 Cal.2d 221 [143 P.2d 689]; *Berniker* v. *Berniker,* 30 Cal.2d 439 [182 P.2d 557].)

It is axiomatic that if an ordinance which has a substantial relation to the public health, safety, morals, or general welfare and is not arbitrary and unreasonable, it is constitutional. (*Village of Euclid* v. *Ambler Realty Co.,* 272 U.S. 365 [47 S.Ct. 114, 71 L.Ed. 303, 54 A.L.R. 1016]; *Cusack Co.* v. *City of Chicago,* 242 U.S. 526 [37 S.Ct. 190, 61 L.Ed. 472].)

The plaintiff does not complain of this rule of law but contends there is no reasonable distinction between retail grocery delivery trucks and wholesale produce trucks, which are exempt from the requirements of permits or inspection certificates, and vending vehicles such as his which do require permits and inspection certificates. Respondent city replies

that the distinction rests upon the following factors: retail grocery delivery trucks and wholesale produce trucks take their loads from one point to another and deliver it within an hour or two, whereas citrus fruits in a vending vehicle are long exposed day and night to the possible contamination of dust, dirt, flies, and other injurious materials. Further, that it is possible for the fruit to be exposed for days and until sold.

From a reading of the ordinance it is clear that it is designed to protect the health of the public by preventing contamination of eatables through flies, dust, dirt and other injurious materials. It is a matter of common experience that if a food, subject to contamination, is exposed to possible contaminating influences or elements for short periods of time there is less likelihood of contamination than in case of those foods which are continuously exposed to contaminating influences or elements for long periods of time. This feature alone satisfied the law, and draws a very great distinction between wholesale produce trucks or retail grocery delivery trucks and the vending vehicles. This distinction is reasonable and is not an arbitrary one.

█ If plaintiff desires to continue his business of vending retail citrus fruits, it will be necessary for him to make some physical changes in his trailer to provide the required protection. Plaintiff argues this will cost money. This argument was disposed of many years ago in a case involving an ordinance to protect fruit from contamination. In *Ex parte Bacigalupo*, 115 Minn. 339 [132 N.W. 303, 35 L.R.A.N.S. 1112, Ann.Cas. 1912D 955], the court said:

"The fact that the enforcement of the ordinance may require some radical change in the method of conducting a business does not necessarily furnish a defense to its enforcement. A privilege long countenanced does not always amount to a personal right. It is a very convenient and perhaps effective method of advertising fruit to display it in front of a store or on the street, in the view of the passer-by; but if, by its accumulation of dirt and germs, the health of the consumer is menaced, then certainly the police power may be invoked to take reasonable steps to abate this source of breeding disease, and, if necessary, may entirely deprive the vendor of fruit of the privilege of exposing it in the open air. The ordinance is a movement in the right direction. It speaks for health and cleanliness, and every right-thinking person ought to be in sympathy with a movement of this kind."

The ordinance has general and uniform application and affords equal protection to all persons within the class. Therefore plaintiff cannot complain on this point. (*In re Miller,* 162 Cal. 687 [124 P. 427].)

■ . Plaintiff argues that section 42.0130 (c) 9 is an improper delegation of authority to the health officer. Under the ordinance the health officer has to inspect the loaded vending vehicle and shall issue a certificate of inspection, "if his inspection discloses that the vending vehicle and the operation thereof conform to the requirements of this Code . . ." In other words, if the vending vehicle is "constructed in such a manner that all foods are protected from dust, dirt, flies and other injurious materials" he must issue the certificate of inspection. The ordinance allows the plaintiff and others in the same class to select the type of protection and the manner in which the foods are to be protected, so long as it meets the objectives of the ordinance. Plaintiff and others in the same classes might have a right to complain if the ordinance designated the size or type of material used, or color of materials and of the vehicle, or the height of the vehicle from the ground or other confining and regulatory factors, but such is not true in this ordinance.

The health officer's duty is to determine whether the vehicle presented for inspection protects the food from "dust, dirt, flies and other injurious materials." If it does, he must issue the certificate of inspection. There is nothing in the record that the health officer did anything other than suggest to plaintiff how the vehicle could afford the required protection. These suggestions were not orders or demands, but were offered as an aid or assistance to plaintiff.

In many comparable situations, the line of cases recognize the need and the social requirement that certain discretionary matters may be properly delegated. (11 Cal.Jur.2d, Constitutional Law, § 134, and cases therein cited; *Leftridge* v. *City of Sacramento,* 59 Cal.App.2d 516, 523 [139 P.2d 112].) We think there is a proper delegation of authority in this ordinance.

The judgment is affirmed.

Mussell, Acting P. J., and Griffin, J., concurred.

A petition for a rehearing was denied July 15, 1958, and appellant's petition for a hearing by the Supreme Court was denied August 21, 1958.