## IN THE MATTER OF THE APPLICATION OF KIN-JURO MURANAKA FOR A WRIT OF HABEAS CORPUS FOR THE BODY OF AYAKO MURANAKA, A MINOR, AGED FIFTEEN YEARS.

### No. 1365.

APPEAL FROM CIRCUIT JUDGE FIRST CIRCUIT.
HON. J. T. DeBOLT, JUDGE.

ARGUED MAY 24, 1922.             DECIDED JUNE 20, 1922.

PETERS, C. J., EDINGS AND PERRY, JJ.

PARENT AND CHILD—*custody of children*—*legal rights of parents inter sese.*

> While the primary right to the custody of the children is in the father it is not an absolute right and is subject to the general rule that the welfare of the child is the paramount consideration in pursuance of which the mother may be given preference over the father where her custody appears most beneficial to the child.

OPINION OF THE COURT BY PETERS, C. J.

This is a controversy between a mother and a father over the custody of their daughter now about the age of fifteen years. The parents were married in Japan, and emigrated to this country about fourteen years ago leaving their daughter, then about one year of age, with her maternal grandmother. In 1910 the parents were divorced in Hawaii at the instance of the mother, upon the ground of failure to provide. The libel for divorce made no reference to the daughter and the decree is silent as to her future custody. The mother later remarried. The grandmother died in June, 1921, whereupon, without the knowledge of the father, the mother secured the daughter to be brought to her from Japan and the daughter came to live with her mother and step-father at Lei-

lehua, Oahu. The father upon learning of his daughter's presence in Hawaii sought her to live with him and upon her refusal brought *habeas corpus* proceedings before a judge of the first circuit court. Upon the hearing the judge, deeming it for the best interests of the child that she remain with her mother, dismissed the writ and remanded the child accordingly.

Section 2998, R. L. 1915, provides: "Parents, that is to say, first the father and then the mother, * * * shall have control over the actions, the conduct and the education of their children within the years of legal majority; they shall have the right, at all times, to recover possession of their children by habeas corpus * * *."

In disputes between parents over the custody of their children the primary right of custody reposed in the father under the statute is not, however, an absolute right but is subject to the general rule that the welfare of the child is the paramount consideration, in pursuance of which the mother may be given preference over the father where her custody appears most beneficial to the child.

"In conflicting claims between parents for the custody of their legitimate children, the right of the father was held paramount to that of the mother; but the first and cardinal rule by which the courts were governed in awarding the custody was the welfare of the child, and not the technical legal right. The courts were not quite so free to exercise their discretion in the father's favor, by giving him the custody of his child, when the child was not in the father's custody; but if he already had the custody, it would not take it from him, unless he was guilty of neglect or abuse, or his conduct was such that there was probability of moral contamination." Church on Habeas Corpus, Sec. 426.

"While the statute * * * provides that the father, if a suitable person, shall have the custody and care of his minor children, yet this is not an absolute right, for in controversies between parents as to their custody, the

welfare of the children will be given controlling consideration by the court." *State ex rel Greenwood* v. *Greenwood,* 87 N. W. (Wis.) 489.

"The father is the natural guardian of his infant children, and has a paramount right to their custody; but the right to the custody of his children is not, like the right of property, an absolute and unconditional right. It is now too well settled to call for citation of authority that in this class of cases the widest discretion rests in the court, whether at common law or in chancery * * * and that the supreme and paramount consideration in all cases is the welfare of the child or children involved in the controversy. However pure and upright the father may be, and able financially to provide for his child, circumstances may exist that would imperatively demand a denial of the father's right and the continuance of the child with the mother." *Taylor* v. *Taylor,* 50 S. E. (Va.) 273, 276.

The record discloses nothing further than the usual crimination and recrimination indulged in by those suffering from the inevitable results of a too indifferent respect of the marriage contract. Had the father been as assiduous in the observation of the responsibilities of a husband as he now demonstrates in his attempt to secure the custody of his daughter the child would no doubt at present be enjoying the benefit of a home in which her parents were dwelling in unity, and of which she is deprived, not through her own fault, but through the fault of her father. However much we may indulge the protestations of the father, it is apparent that since the divorce the father contributed little or nothing to the support of the child and that that burden was assumed and consistently sustained by the mother. The child expresses the preference of remaining with her mother. Her age entitles her preference to weighty consideration.

No useful purpose could be served by a recitation of the facts. Suffice it to say that it appears from the

record that the mother is in every way a fit and proper person to have the custody of her daughter. The judge who heard the evidence had the opportunity of observing the appearance and demeanor of the parents and the child herself. He in his discretion determined that it was for the best interests of the child that she remain with the mother. His finding in that respect is entitled to great weight and we see no reason to disturb it.

The judgment appealed from is affirmed.

*Marguerite K. Ashford* (*W. B. Lymer* with her on the brief) for petitioner.

*J. B. Lightfoot* for respondent.