AH CHIN WONG, OTHERWISE KNOWN AS WONG CHIN, *v.* AH FOONG WONG, OTHERWISE KNOWN AS ALICE WONG.

No. 1516.

APPEAL FROM CIRCUIT JUDGE FIFTH CIRCUIT. HON. W. C. ACHI, JR., JUDGE.

ARGUED MARCH 24, 1924.          DECIDED MARCH 31, 1924.

PETERS, C. J., PERRY AND LINDSAY, JJ.

PARENT AND CHILD—*custody of children—legal rights of parents inter sese.*

> While the primary right to the custody of the children is in the father it is not an absolute right and is subject to the general rule that the welfare of the child is the paramount consideration in pursuance of which the mother may be given preference over the father where her custody appears most beneficial to the child.

OPINION OF THE COURT BY LINDSAY, J.

The libellee brought a libel for divorce from libellant on the ground of nonsupport. Thereafter libellant filed a libel for divorce from libellee on the ground of desertion, the libel containing a prayer that he be awarded custody of the two children of the marriage, namely, Margaret, aged about six years, and Harry, aged about three years. The two cases were tried together and the circuit judge denied the prayer of the libellee and granted that of the libellant, awarding to him the custody of the boy Harry. The custody of Margaret was awarded to libellee. The appeal is from the portion of the decree awarding the custody of the boy to libellant.

On the appeal it is urged that the evidence showed that libellant was unfit to have the custody of a child of such tender years as Harry, and that it appeared from the

evidence that it was for the best welfare of the child that its custody be awarded to libellee.

From the evidence it appears that the parties were married on March 11, 1916. Libellant is a carpenter in the employ of McBryde Sugar Company at a wage of $2.00 per day. In the latter part of 1919 libellee had libellant arrested upon a charge of assault and battery, to which charge he pleaded guilty, and sentence was suspended upon him for thirteen months. The following day libellee left the home of her husband and returned to her parents, taking with her the little girl. The boy was born several months later. Shortly after leaving her husband, libellee sued for divorce on the ground of extreme cruelty but was refused a divorce.

The parents of libellee reside in a cottage at Waialua, the occupants of which are the father and mother, libellee and her two children, also two young sisters of libellee. Three brothers work in the neighborhood, coming home only week-ends. The father is a small rice planter. The three brothers, whose aggregate earnings amount to $155 per month, have been contributing towards the support of libellee and her children and libellee during the past four years has worked—sometimes as a domestic and at other times as a nurse, for a part of the time her duties being such as to permit of her return home nightly and at other times for the week-end. While libellee was at work the children were taken care of by libellee's mother and, as far as appears from the evidence, were well taken care of.

The libellant, who has lived alone since his wife left him, leaves for work at about five in the morning and returns to his home at about five in the evening. He does his own housekeeping. He testified that in the event that he were awarded custody of the children he would engage some suitable person to care for them. Libellant did not go to see his little son until the little boy was almost two

years of age, neither has he contributed towards the support of either of his children.

From the evidence it is difficult to conceive upon what theory the circuit judge considered that it was for the best welfare of a child of such tender years that it be deprived of the care of its mother and handed over to the father who, the evidence shows, is in no respect more capable of giving the child better home conditions than it has been receiving with its mother. The circuit judge must have been of the opinion that the libellee was not an unfit person to have the care of a child, for he awarded her the custody of the little girl. As remarked by this court in *Re Muranaka*, 26 Haw. 465, "While the primary right to the custody of the children is in the father it is not an absolute right and is subject to the general rule that the welfare of the child is the paramount consideration in pursuance of which the mother may be given preference over the father where her custody appears most beneficial to the child." We are of the opinion that under the facts and circumstances in this case the welfare of the child will be better preserved if he is allowed to remain with his mother, with whom he has lived since his birth. The judgment appealed from, in so far as it purports to award the custody of the child Harry to the libellant, is therefore reversed and his care and custody awarded to the libellee.

*A. G. Kaulukou* (also on the brief) for libellant.

*E. K. Aiu* (*S. K. Kaeo* with him on the brief) for libellee.