# FRANK B. FERNANDES *v.* ADELINE R. FERNANDES.

## No. 2076.

ARGUED JANUARY 4, 1933.                    DECIDED JANUARY 12, 1933.

PERRY, C. J., BANKS AND PARSONS, JJ.

OPINION OF THE COURT BY PERRY, C. J.

On May 10, 1928, upon petition of the husband, the appellee herein, a divorce was granted him from his wife, the present appellant, on the ground of desertion. In the decree it was provided that "the care, custody and control of the minor children named in said libel, to-wit: Dorothy May Fernandes, a daughter, aged 6 years, and Raymond Clifford Fernandes, a son, aged 4 years, be, and the same are hereby awarded to the libellee" (the wife), "with the right in libellant to visit said children at all reasonable hours and to have custody of said children on alternate Sundays until Monday following." On September 25, 1931, the decree was modified "so that the libellant may have custody of the children during school vacations, * * * and that the said libellant shall have the privilege of visiting the children at any time during reasonable hours." On August 20, 1932, the decree was a second time amended "so that the care, custody and

control of the minor children named in the libel filed herein, be and the same are hereby, awarded to the libellant" (the father) "with the right, however, in the libellee to have the care, custody and control of said minor children during school vacations only, beginning with the Christmas vacation, 1932." From the order thus amending the decree for the second time the mother appeals to this court.

Upon the hearing of the application of the father for amendment of the decree the testimony of the father was taken, as was also that of the mother and of other but less important witnesses. The testimony of the father indicates that the desire to have the decree amended so that the custody of the children would be in the main vested in him and only during vacation periods in the mother, arose solely from the fact that he had experienced difficulty in obtaining the custody of the children at the times when, under the second decree, he was entitled to it. He did testify that both the mother and her present husband have ungovernable tempers and that the mother had once thrown a plate at him; but there was no testimony that either the mother or Van Gieson has ever treated the children with undue severity. Except as just stated, there was not the slightest evidence tending to show that the mother of the children is, for any reason, unfit to be their immediate and actual custodian. On the contrary, counsel for the father expressly stated at the argument in this court that it is not contended that the mother is unfit to be the custodian. The theory advanced on behalf of the father seems to be that it is only fair and equitable that the father should now have their custody, the mother having had it for a period of years.

This court has long recognized the principle that the first and cardinal rule by which courts are governed in awarding the custody of children is the welfare of the

children and not the technical legal right of either parent. In the case entitled *In re Guardianship of Frances Cornelia Thompson,* 32 Haw. 479, it was held that when the parents are living apart and the mother is a suitable person to have the care and custody of a child of tender years the best interests of a daughter (in that instance twenty-five months of age) require that the custody and guardianship of the person should be awarded to the mother, even though the father is of good character and otherwise without fault. At its session in 1931 our legislature expressly declared that "when the parents live apart, the court may award the guardianship to either of them, having special regard to the interests of the child." L. 1931, Act 77. In the light of this principle and of this legislative rule the present case does not present any difficulty. The little girl is now ten years of age and the boy is now eight years of age. However faultless their stepmother may be, they are still at an age when their mother, aided by natural love, is by nature best fitted to bestow upon them the care and the many little attentions which children of tender years ought to have. It is not claimed that the trial court committed any error when in its first decree and again in its second decree it awarded the custody to the mother, with only certain limited rights of visitation and of custody in the father. No change of material circumstances is shown to have occurred since the rendition of the second decree.

It appears from the evidence that, with the exception of a brief period of about two weeks immediately following the original decree, the children have been in the actual custody of the mother from that date to the present time. The father has not visited them, although he has sought to do so on rare occasions. There is not the slightest showing or claim that the children are not in good physical condition or are not being well clothed,

maintained and educated under the guidance of their mother.

Under all of the circumstances as disclosed by the record we think that the latest amendment of the decree is unjustified and that the first amended decree should continue in force. The order appealed from is reversed and the cause is remanded to the circuit judge for such further proceedings, if any, as may be necessary, not inconsistent with this opinion.

*O. P. Soares* (also on the brief) for libellant.

*C. A. Gregory* (*Smith, Wild & Beebe* on the briefs) for libellee.