IN THE MATTER OF THE PETITION OF LEO J. HERLIHY FOR WRIT OF HABEAS CORPUS AND FOR THE CUSTODY OF FRANCES EUGENIA HILILEIAMANO HERLIHY, A MINOR.

No. 2155.

Argued July 20, 1934.                    Decided July 23, 1934.

Coke, C. J., Banks and Parsons, JJ.

This is a *habeas corpus* proceeding. It was instituted by the father, the sole surviving parent of a child about two years and three months of age, for the purpose of obtaining the custody of the child which is now with its maternal grandparents, the respondents herein. The circuit judge decided that the petitioner and not the respondents was entitled to the custody and control of the child and entered judgment accordingly. The respondents appealed to this court.

Section 3033, R. L. 1925, as amended by Act 77, L. 1931, is as follows: "The father and mother of an unmarried minor child are jointly the natural guardians of its person and property. They shall have equal powers and duties with respect to it and neither shall have any right superior to that of the other concerning its custody or control or any other matter affecting it; provided, that, if either parent dies or abandons his or her family or is incapable for any reason to act as guardian, the guardianship devolves upon the other parent, and that, when the parents live apart, the court may award the guardianship to either of them, having special regard to the interests of the child."

It is apparent from the statute that the legislature intended to confer upon the surviving parent of a minor child the right to its custody and control. This right, however, is not absolute and incontestable. It must in all cases yield to the welfare and best interests of the child. *(Robello v. Robello, ante* p. 90; *Re Thompson Minor,* 32 Haw. 479; *Fernandes v. Fernandes,* 32 Haw. 608, 609.) In other words, it is evident that the legislature did not intend to make the welfare of the child subservient to the natural right of the parent. When, however, the right of the parent and the welfare of the child are in accord the right of the former as against third

parties who claim the child's custody should prevail. This right should not be ignored unless it has been forfeited by the parent's incapacity or unfitness to discharge parental duties. In *Busbee* v. *Reese,* 118 S. E. (S. C.) 185, 187, the court said: "But where the question is the right of the father to the custody of his child as against the claim of others, however closely related by ties of kinship, interest, or affection, then the only bar to the father's right which the courts may properly recognize is that father's incapacity or unfitness, established by clear and convincing proof."

In the instant case the circuit judge, who heard the evidence and had the opportunity of observing the demeanor of both the petitioner and the respondents, found that the petitioner was a person of substantial character and that there was nothing in the evidence to indicate that the morals or well-being of the child would suffer under his guardianship. Under these circumstances his findings are entitled to great weight and should not without sufficient reason be disturbed. (*In re Muranaka,* 26 Haw. 465.) No such reason appears in the record. On the contrary the finding is amply supported by the testimony. We therefore think it would be unfair to deprive the father of the happiness he will derive from association with his offspring and we also think it would be unfair to withhold from the child the care and attention which she is entitled to receive from her natural guardian. Speaking on this subject the supreme court of South Carolina said in *Ex Parte Davidge,* 51 S. E. 269, 270: "But none will deny that ordinarily the most valuable possession of a child is the love and care of its parent, and its most sacred right is its right to live under its father's roof. While the welfare and happiness of the child is the main consideration, the parent's right to the love and influence

of his children and the happiness they bring to him must be also recognized and considered along with the interests of the child. For a legal tribunal to separate a child from its parent is, therefore, a very strong measure, justified only by convincing proof of the parent's unfitness. No inflexible rule can be laid down by which unfitness may be determined. Each case must be decided on its own peculiar facts, but manifestly it is not sufficient to prove the poverty of the parent, and that financial benefit will come to the child from separation, or that the parent has faults of disposition and behavior somewhat unusual and trying. The condition in life or the character and habits of the parent must be shown to be such that provision for the child's ordinary comfort and contentment, or for its intellectual and moral development, cannot be reasonably expected at his hands."

The decision and order appealed from are affirmed.

*N. W. Applegarth* (*Prosser, Anderson, Marx & Wrenn* on the brief) for petitioner.

*C. B. Dwight* (also on the briefs) for respondents.

