MYRA MEDEIROS *v.* HENRY MEDEIROS.

No. 2264.

ARGUED JUNE 23, 1936.    DECIDED JULY 8, 1936.

COKE, C. J., BANKS AND PETERS, JJ.

OPINION OF THE COURT BY COKE, C. J.

The appellant Myra Medeiros instituted an action for divorce in the court below against the appellee Henry Medeiros alleging cruelty as the basis of her cause of action. The appellant also sought to be awarded the custody of Rodney Henry Medeiros, age four, the son and only child of the parties. Appellee answered by way of a general denial of the mistreatment of his wife but made no claim to the guardianship of the minor child. At the trial it was shown by evidence sufficient to establish the fact that at the time of the marriage and for some time subsequent thereto both appellant and appellee were addicted to the excessive use of intoxicants. It was further shown that appellee had on numerous occasions assaulted and maltreated the appellant. Appellant testified that her overindulgence in alcohol was due to the importunities and insistence of appellee and that since her separation from him prior to instituting her action she and her son had lived comfortably and happily at the home of her mother in the city of Honolulu. The paternal grand-

parents of the child, Mr. and Mrs. Alfred G. Medeiros, were called as witnesses and both gave evidence of their affection for their grandson and a desire on their part to be awarded his custody and their willingness to adopt him as their own child. At the conclusion of the evidence the trial judge expressed from the bench his intention to grant a divorce to appellant and his further intention to award the custody of the child to the grandparents. This turn of events was apparently a surprise to counsel for appellant who immediately moved the court for time and the opportunity to adduce further evidence of the present fitness of the appellant to act as the custodian of her minor son. Counsel, in presenting his motion, pointed out that the case had been hurriedly tried and an opportunity had not been afforded him to produce witnesses who were available and who, if heard, would demonstrate the mother's complete fitness and qualifications to act as guardian of the minor. Counsel, when interrogated by the court in respect to the purpose and scope of his offer of proof, stated: "I expect, if given an opportunity, to show and will show that whatever fault there was with the mother of this child was due to the conditions under which she was forced to live with her husband and that they would not obtain in the event of a divorce. * * * I ask for a continuance and an opportunity to bring further evidence. * * * We can produce other evidence to show what the conditions were and that the conditions no longer exist, and there is no reason to believe that this girl would not be a fit mother for this child. It is for the purpose of adducing this evidence that I ask a continuance." The court denied the offer and granted appellant a decree of divorce and included in the decree an order awarding the custody of the child to its grandparents. From so much of the decree as disposes of the

custody of the child the mother brings the cause to this court on an appeal.

The qualifications and fitness of the grandparents, Mr. and Mrs. Medeiros, to act as the child's custodians are unquestioned, but parents of a child have a natural, as well as a legal, paramount right to the custody and control of their minor offspring and this right must be recognized by the court unless it be shown that the welfare of the child, which is the primary consideration, requires its custody to be elsewhere reposed.

Under section 3033, R. L. 1925, as amended by Act 77, L. 1931, "the father and mother of an unmarried minor child are jointly the natural guardians of its person and property." In *In Re Herlihy, ante,* p. 106, this court, speaking of the right of a parent to the custody of a minor child, held: "This right, however, is not absolute and incontestable. It must in all cases yield to the welfare and best interests of the child. * * * When, however, the right of the parent and the welfare of the child are in accord the right of the former as against third parties who claim the child's custody should prevail." And in the same opinion we quoted with approval from *Busbee* v. *Reese,* 118 S. E. (S. C.) 185, 187, where the supreme court of South Carolina said: "But where the question is the right of the father to the custody of his child as against the claim of others, however closely related by ties of kinship, interest, or affection, then the only bar to the father's right which the courts may properly recognize is that father's incapacity or unfitness, established by clear and convincing proof." This, under our local statute, would apply with equal force to the rights of a mother. (See *Re Thompson Minor,* 32 Haw. 479; *Fernandes* v. *Fernandes,* 32 Haw. 608.)

While there was evidence strongly indicating that at the time of the marriage of the parties and for a long

period thereafter, the appellant, because of the overindulgence in alcohol, was unsuited to act as the child's custodian, there was no evidence of the existence of such unfitness at the time of the hearing in the court below. The appellant offered to produce evidence of her reformation; that prior conditions no longer existed; and that she was at the time of the trial in every way a fit and proper person to have the custody of the child. Under the circumstances, it was her right to produce such evidence if she could and if produced it was the duty of the trial judge to hear and to consider it.

That part of the decree of the court below awarding the care, custody and control of the minor child Rodney Henry Medeiros to Alfred G. Medeiros and Mary G. Medeiros, is set aside and the cause remanded to the court below for further proceedings consistent with this opinion.

*O. P. Soares* (also on the brief) for appellant.

*C. S. Davis* (also on the brief) for appellee.