## MARGARET RAMONES *v.* ENRIQUE RAMONES.

### NO. 2615.

SUBMITTED MARCH 11, 1947.                    DECIDED APRIL 14, 1947.

KEMP, C. J., PETERS AND LE BARON, JJ.

OPINION OF THE COURT BY KEMP, C. J.

By a libel dated and verified on April 2, 1945, and filed in the circuit court of the first circuit on April 10, 1945, the libelant, Margaret Ramones, charged her husband, Enrique Ramones, with cruel treatment, neglect and personal indignities though not amounting to physical cruelty, which, continued over a course of not less than sixty days last past, had rendered her life burdensome and intolerable and the further living together of the parties insupportable. On that ground she prayed that she be granted a decree of absolute divorce and the care and custody of the two minor children, issue of their marriage.

It appears from the decision of the circuit judge that

on May 7, 1945, in response to an order entered requiring it, a bill of particulars was furnished by the libelant and that on September 14, 1945, an amended libel was filed adding "extreme cruelty" as an additional ground for divorce. The record on this appeal however does not contain the amended libel, the order for a bill of particulars or the bill of particulars. The trial began on September 25, 1945, and on October 30, 1945, the judge filed his decision, in which he reviewed the evidence and concluded that the allegations of the libel had not been sustained by the proof, and ordered a dismissal of the libel. On November 8, 1945, a judgment was entered dismissing the libel. On November 17, 1945, the libelant filed her appeal and notice of appeal to this court from the "decision and judgment made and entered on October 30, 1945, and November 8, 1945, respectively, in the above entitled cause."

Nine errors are specified. Four relate to the decision and five to the exclusion of evidence offered by the libelant.

Three of the four specifications of error aimed at the decision fail to present a justiciable question. The three specifications combined charge only that the court erred in disbelieving the evidence of libelant and her sister and in believing the evidence of the libelee and his son. Citation of authority is unnecessary for the proposition that this court will not disturb the decision of a circuit judge as to the credibility of the witnesses.

The fourth specification of error is that the court erred in finding that the allegations of the libel have not been substantiated by the proof. No argument is made on this specification other than to refer to the evidence, as follows: "Counsel wishing to refrain from further repetitious reference to the evidence, he respectfully submits that the evidence substantially shows that appellant proved all the allegations of her amended libel." If the evidence which counsel refrained from repeating had been uncontroverted,

it would no doubt have sustained the allegations of the libel. However, the libelee disputed practically all of the material evidence set out elsewhere in libelant's brief, which consisted entirely of excerpts from the testimony of libelant and her sister, and the judge whose prerogative it is to pass upon the credibility of the witnesses and the weight to be given to the evidence has declined to believe them.

On an appeal from a decree in a divorce case the entire testimony is examined, as in appeals in equity cases. In such cases this court will draw its own conclusions as to the facts from the evidence adduced, though in cases depending wholly or largely on the credibility of the witnesses and weight of the evidence great weight will be given to the findings of the trial judge who saw the witnesses and heard them testify. (*De Coito* v. *De Coito*, 21 Haw. 339.) The evidence of the libelee, which the court did believe, was sufficient to overcome the showing made by the libelant.

Specification of error 5. Manuel Souza having testified as a witness for the libelee, Frank Souza, a brother of Manuel, was called as a witness for the libelant and the following question propounded to him: "Is it true that Manuel, your brother,—your brother Manuel Souza has the mind of a child, a moron?" To this question the court sustained an objection. The record does not show that the libelant was prejudiced by the court's refusal to permit the question to be answered. Had the witness been permitted to answer, the answer might have been in either the affirmative or in the negative or that he did not know. The libelant did not offer to show what the witness would have answered and we cannot assume that the answer would have been material or favorable to the libelant. Alleged error in the exclusion of evidence will not be considered, unless the record preserves such evidence for the

consideration of the reviewing court, either literally or in substance. (*Yim Fat* v. *Gleason*, 24 Haw. 210.)

Specifications of error 6 and 7. An examination of the transcript of the evidence fails to disclose such rulings as are complained of in these specifications of error.

Specifications of error 8 and 9. In sustaining an objection to the introduction in evidence of a police record pertaining to an attempted suicide by the libelee, the court indicated that he did so because it was not included in the bill of particulars. Thereupon, counsel moved for leave to amend the bill of particulars "so as to insert therein this attempted suicide, wherein he did take a poison and was subsequently,—he was saved, but he did take poison, a bottle of poison, in 1940." The leave to amend the bill of particulars was denied and thereupon the libelant made the following offer of proof: "I offer to prove that this officer would testify that he has in his possession, in his custody, the records of the police court of Honolulu, and that on June 12, 1940, this libellee, the defendant, Enrique Ramones age 30, did take some denatured alcohol and some adrenalin; that he swallowed the poison at about 2 a. m., and was in semi-conscious condition when admitted to the Emergency Hospital. After treatment he was transferred to the Queen's Hospital for further observation. I offer to prove that, if the Court please."

"A bill of particulars may be amended, by leave of court, * * * stating additional facts, not changing the cause of action * * *. The general rules as to amendment of pleadings apply to the amendment of bills of particulars. The allowance or refusal of such an amendment rests within the discretion of the trial court, * * *. An amendment may be allowed at the trial where the other party is not prejudiced by reason of surprise, but not otherwise." (49 C. J., Pleading § 912.)

We fail to see however wherein either the denial of

the leave to amend the bill of particulars or the refusal of the offer of proof of the attempted suicide was prejudicial to the libelant, the offered evidence being wholly immaterial to any issue in the case.

The judgment dismissing the libel is affirmed.

*W. Y. Char* for libelant.

*B. Houston* for libelee.