## BETTY T. DAITOKU *v.* TADAO DAITOKU.

## NO. 2811.

ARGUED FEBRUARY 26, 1952.    DECIDED FEBRUARY 27, 1952.

TOWSE, C. J., LE BARON AND STAINBACK, JJ.

OPINION OF THE COURT BY STAINBACK, J.

In a suit for divorce, wife against husband, alleging cruel treatment, neglect and personal indignities so as to render the life of the libelant burdensome and intolerable (R. L. H. 1945, § 12210), the trial judge granted a divorce to the libelant and gave her the care and custody of the two minor male children of the ages of six years and two years, reserving to the libelee the right of reasonable visitation and the right to have the temporary custody of the children for a period of one week during the alternative Christmas school vacations and the summer school vacations, and

ordered libelee to pay to libelant the sum of $20 per week for alimony and support for the minor children.

There was little conflict in the evidence regarding certain of the acts of cruelty of libelee, particularly relative to sex abuses, and we find nothing to reverse the finding of the trial judge in his passing upon the credibility of the witness and the weight of the evidence.

Appellant also claims that the trial judge, after hearing the case and before awarding the custody of the children to the libelant, used an "extra judicial report" (the Child and Family Service report) before arriving at his decision on the custody of the children. The care and custody of children of tender age is usually awarded to the mother unless she is clearly unfit. The converse appears in this case so far as the testimony shows, except for some statements of the libelee as to the use of profanity and gambling by the mother (which criticism according to the testimony applies with even greater force to the libelee). Obviously, the court should have permitted the libelee to examine the report and question its authors concerning it, but the fact that the court had the prospective home of the children of the libelant investigated by an outside agency before final order of custody was entered is harmless error. The court was fully justified in awarding custody of the children to the mother upon the record without any additional report or evidence. In fact, it would be difficult in view of the libelant's testimony (which the court accepted as true in granting the divorce) to see how the court could do otherwise. Furthermore, the welfare of the children being the Pole Star by which the action of the court is ever guided, the decree can at any time be amended regarding the custody upon proper showing.

The decree of the trial judge is affirmed.

O. P. Soares (also on the briefs) for libelee-appellant.

J. F. Gilliland (also on the brief) for libelant-appellee.