ALBERT M. PAUOLE *v.* LILIANA K. L. PAUOLE.

NO. 2944.

SUBMITTED AUGUST 5, 1953.        DECIDED SEPTEMBER 9, 1953.

TOWSE, C. J., LE BARON AND STAINBACK, JJ.

OPINION OF THE COURT BY STAINBACK, J.

Appellant was awarded an uncontested decree of divorce from appellee (libelee) on August 6, 1952, on account of the adultery of the libelee. The decree awarded the husband (appellant) the custody of the three children whose ages were approximately three, five and seven years. The husband, not having a home of his own, took the minor children to Molokai and left them at the home of his parents.

Appellee has remarried since the divorce and seeks a modification of the decree awarding the care, custody and control of the children to the appellant, alleging in sub-

stance that at the time the decree of divorce was entered she was not in a position to take care of the minor children; that under the terms of the decree she was entitled to visit her children at all reasonable times; that after the divorce the libelant took the children to Molokai and she had thus been deprived of the right to visit them; that on or about March 1, 1953, she did visit the children on Molokai; that she found them living in a crowded house, dirty and unkempt; that she has now remarried and has a home suitable for the children and the children are anxious to live with her; that in the best interests of the children the decree of divorce should be modified to give her their care and custody.

The trial court modified the decree as prayed for, giving the libelee (the mother) the custody of the three children with the father having the right of visitation at all reasonable times.

There is little dispute as to the evidence; it appears that the children have resided with their grandparents on Molokai in a home where there were fifteen persons, including several families; when the appellee visited the children March 1, 1953, on the same day that the appellant happened to visit them, she was criticized by the grandparents for not letting them know in advance and getting their permission to visit on account of the difficulties of accommodation. How well the children were taken care of by the grandparents is a matter of some dispute, but it appears uncontradicted that at the time of appellee's visit the children were not only dirty and dusty but their heads were full of nits, which latter certainly shows considerable lack in sanitary care. It further appears that both libelee and libelant reside on the island of Oahu so that in substance the care and custody of these children is in the grandparents. It further appears that the mother does not

have the right of visitation at all reasonable times as she must not only fly to another island but must obtain permission from the grandparents. The father visits the children about once a month; he draws a salary of $324 per month and contributes $50 or $60 per month for their support.

"This court has long recognized the principle that the first and cardinal rule by which courts are governed in awarding the custody of children is the welfare of the children." (*Fernandes* v. *Fernandes*, 32 Haw. 608, 609.)

"* * * and the judge may from time to time afterwards, on the petition of either of the parties, revise and alter the decree concerning the children, and make a new decree concerning the same, as the circumstances of the parents and the benefit of the children may require." (R. L. H. 1945, § 12227.)

This court also has ruled many times that unless a mother is clearly unfit, the interests of the children of tender years are best served by leaving them in the care of their natural mother. (*Daitoku* v. *Daitoku*, 39 Haw. 276; *Fernandes* v. *Fernandes*, 32 Haw. 608; *Re Thompson Minor*, 32 Haw. 479.)

Appellant makes much of the fact that the libelee had been guilty of adultery while the libelant was absent beyond the seas and had become pregnant by her lover. This is not denied, but the libelee later married this man and, according to the undisputed evidence, has established a home where she can take proper care of her children. We do not feel that an act of adultery of itself under such circumstances as set forth necessarily brands the mother as being forever unfit to care for her own children of tender years. (*Dela Cruz* v. *Dela Cruz*, 35 Haw. 95; *Jay* v. *Jay*, 37 Haw. 34.) There will be many advantages for the children in having them on Oahu under their mother's care

where both parents live.

The action of the trial court is sustained.

*A. K. Trask* and *A. J. Buscheck* for appellant.

*Takayesu & Takabuki* for appellee.