DAISY NEVES *v.* EDWIN NEVES.

NO. 3038.

Argued March 12, 1957.                     Decided March 13, 1957.

RICE, C. J., STAINBACK AND MARUMOTO, JJ.

OPINION OF THE COURT BY STAINBACK, J.

A motion to amend the decree of divorce was filed by appellee in the circuit court of the first judicial circuit whereby he sought to obtain the custody of the two minor children of the parties hereto. After a hearing the court granted the motion of appellee with respect to the custody of Edlynn, a female child of seven and one-half years of age, but left Nyle, the younger, a boy of three years, in the care and custody of his mother, the appellant herein. From this order of the circuit judge there is an appeal to this court.

Shortly after the divorce appellant moved to the island of Kauai where she married one Manuel J. Fernandes and

bore him one child. However because of marital difficulties with this husband, the appellant returned to Honolulu and since said time has been residing in the basement area of her late father's house in Honolulu.

There is a conflict in the testimony relative to the care and attention appellant gave her children while residing on Kauai and there is also conflict as to the attention she has given her children since her return to Honolulu. Appellant has worked as a bar maid for a number of years and consequently must leave the children to a large extent in the care of others, since returning to Honolulu to a sister who lives in the upper part of appellant's present residence. However, it is uncontradicted that the child, Edlynn, has been in poor health and frequently suffers from severe attacks of asthma. It is claimed that her mother has been unable to give her proper care and attention. On the other hand, the appellee who has remarried maintains a home and is in a position, with his present wife, to give his daughter the care and attention which it is claimed the mother cannot give.

It is needless to review the testimony on these points as there is direct conflict and most of the witnesses have some close relationship to the parties and possibly are considerably prejudiced in their testimony.

Appellant makes much of the fact that the trial court left the custody of the younger child in the mother. She claims that because of this, the trial judge could not have found the mother unfit to care for her children. Much also is made of the statements of this court that unless a mother is clearly unfit, the interests of children of tender years are *usually* best served by leaving them in the care of their natural mother.

The lower court in its original decision did make a finding that the mother was unfit to care for her children and that he would give the custody of both children to the

father. However, after consultation between the attorneys and, apparently, to some extent because the younger child, who was taken away at the age of nine months, did not regard the appellee as his father but rather as a stranger, reconsidered and left the custody of the younger child with the mother.

This court has on many occasions stated there is no general rule applicable to all cases, other than the rule to the effect that the welfare of the children in all cases is of paramount consideration. (*Pauole* v. *Pauole,* 40 Haw. 312.) Each case must be decided upon its own facts. It does not necessarily follow that because the best interests of the young girl would be served by putting her in the custody of her father the court may not leave the young boy, apparently a healthy strong youngster, with his mother.

The trial judge, who saw and heard the witnesses, was in a much better position to judge their credibility than is this court. Therefore, the order modifying the decree is sustained.

*Valdemar H. Myhre* (*Samuel P. King* on the opening brief; no reply brief) for appellant.

*Yasutaka Fukushima* (also on the brief) for appellee.