## CONSEPCION PACLEB *v.* BALTAZAR PACLEB.

### No. 3071.

ARGUED FEBRUARY 7, 1958.                    DECIDED FEBRUARY 14, 1958.

RICE, C. J., STAINBACK AND MARUMOTO, JJ.

OPINION OF THE COURT BY STAINBACK, J.

In August 1955 libelant-appellant herein filed a libel for divorce charging her husband, libelee-appellee herein, with having inflicted upon her grievous mental suffering. Libelee filed an answer and also a cross-libel for divorce, alleging the same grounds as had his wife. In her libel for divorce the appellant prayed for the care, custody and control of the four minor children of the parties (Estella, aged 12; Rosalinda, aged 10; Virginia, aged 6; and Priscilla, aged 5), together with alimony, support money, and the property of the parties. In his cross-libel the husband sought a divorce, the care, custody and control of the children, and the property of the parties. At the hearing the libelant abandoned her request for the property and the trial judged refused to award the property or make any division thereof. After the hearing the trial judge dismissed the appellant's libel for divorce, granted the ap-

pellee's cross-libel, and awarded the care, custody and control of the minor children to the appellee-cross-libelant. The appeal by the libelant is only as to the award of the children to the libelee.

Both libelant and libelee testified as to various acts of cruelty one to the other, but it is unnecessary to review the evidence. Suffice it to say that the court found libelant had failed to prove the material allegations of her libel with regard to grievous mental suffering, that she did not tell the truth, and that she had committed adultery; that libelee had proved all the allegations of grievous mental suffering to which he was subjected that made the further living together of the parties insupportable, and that the court believed the libelant-cross-libelee filed her libel for divorce not because she was mentally aggrieved, as she alleged, but in order that she could leave the libelee-cross-libelant and be with her lover.

Appellant's attorney claims that from the evidence and the law the care, custody and control of the children, and more particularly of Virginia, six years old, and Priscilla, five years old, should have been awarded to the mother, appellant herein. He cites numerous decisions of this court where the court states "The care and custody of children of tender years is usually awarded to the mother unless she is clearly unfit." These decisions are based on the theory that the interests of children of tender years are best served by leaving them in the care of their natural mother, citing *Pauole* v. *Pauole,* 40 Haw. 312, 314; *Daitoku* v. *Daitoku,* 39 Haw. 276, 277; *Fernandes* v. *Fernandes,* 32 Haw. 608, 610; *Re Thompson Minor,* 32 Haw. 479, 485, 488; *Robello* v. *Robello,* 33 Haw. 90, 91; *Dela Cruz* v. *Dela Cruz,* 35 Haw. 95, 105; and *Dacoscos* v. *Dacoscos,* 38 Haw. 265, 268. He quotes from many of them, such as:

"In many instances children of tender years, and particularly little girls, have been taken from fathers

who were without fault and placed in the custody of their mothers." (*Re Thompson Minor,* 32 Haw. 479, 485.)

"The important fact is that she is a little girl of tender years, needing constant care and attentions of an intimate nature. It is due to her that she should have the companionship, the care and the guidance of her own mother. The father, however excellent his other qualifications may be, cannot, both from the nature of the case and from the fact of his being necessarily in the employ of others during a large part of each twenty-four hours, give her that same care and attention. Because of these facts he has followed the course which would be indispensable in the case of his having the legal custody, to-wit, of placing the child in the immediate care and control of another woman, a stranger in blood. As between such a stranger and the child's own mother there can be no doubt and no hesitation that the child should be with its mother." (*Re Thompson Minor, supra,* p. 488.)

We have no quarrel with the decisions cited. Most of them involve cases where this court refused to disturb the order of the court below regarding the custody of children. As stated in the latest decision, *Neves* v. *Neves,* 41 Haw. 612, "There is no general rule applicable to all cases other than the rule to the effect that the welfare of the children is of paramount consideration. Each case must be decided upon its own facts."

In the instant case apparently the court below decided that the mother was unfit or at least the best interests of the children would be served by placing them in the custody of the father. As pointed out, the court found the wife was guilty of adultery. It further appeared that the husband had a four-bedroom house completely furnished, that he would have a woman in the home with his children,

that the wife intended to work full-time and at the time had no particular home where she could take care of the children other than at her mother's home on Hawaii, and there were other matters which undoubtedly influenced the trial judge in awarding the custody of the children to the husband.

It has been made to appear *dehors* the record that the appellant has now married the alleged paramour and can give a suitable home and adequate care to the small children. This fact was not before the trial judge and is not evidence before us but if, as a matter of fact, the appellant has since remarried and is now in a position to furnish a suitable home for her children, that is a matter that would no doubt be considered by the court below in case of a petition for change of custody. Our courts have on several occasions returned children to the mother, even after she married her paramour, where a showing has been made that she has reformed and is in a position to furnish a suitable home and adequate care for her children. See *Dela Cruz* v. *Dela Cruz,* 35 Haw. 95, which states:

> "Decrees awarding the care and custody of the minor children of the parties upon the granting of a divorce may from time to time be revised and altered by the circuit judge and a new decree concerning the same made as the circumstances of the parents and the benefit of the children may require. * * *

> "There is no general rule applicable to all such cases other than the one to the effect that the welfare of the child is in all such cases the paramount consideration."

Affirmed.

*James A. King (Bouslog & Symonds* with him on the briefs) for appellant.

*Robert G. Hogan (Hogan, Jamieson, Dyer & Rothwell* on the brief) for appellee.