[No. 37368.   Department Two.   April 8, 1965.]

SARA HEWITT, *Respondent,* v. WILLIAM R. HEWITT, *Appellant.**

*Chavelle, Chavelle & Greenway,* for appellant.

*Lewis S. Armstrong* and *Caley & Armstrong,* for respondent.

PER CURIAM.—Defendant husband appeals from a decree which grants custody of two minor children to plaintiff wife with defined visitation privileges allowed to the husband, divides the community property, and grants a divorce to both parties.

Two issues are raised on appeal: the propriety of the visitation privileges granted the husband and the fairness of the property division.

Although both parents were deemed to be fit and proper persons to have the care, custody, and control of the children, aged 9 and 11, the court found that "the best welfare of the children would be met by awarding" custody to the wife. The husband was allowed to have the children with him one week-end per month, two consecutive weeks during the summer, and on certain alternative holidays and birthdays. We have held on many occasions that custody determination is peculiarly within the wide discretionary power of the trial court and it will not be disturbed by us unless we can say that there has been a manifest abuse of that discretion. We find no such abuse of discretion in the record of this case.

> In a divorce action the statute casts upon the trial court the duty of making such disposition of the property of the parties, either community or separate, as shall appear just and equitable . . . . RCW 26.08.110.

The trial court divided specific personal property between the parties and awarded the equity in the home to the wife, subject to a $2,500 lien in favor of the husband. No value was placed by the court on the various articles of personal property, and it would serve no useful purpose to itemize them. We find that there is substantial evidence of property values to support the conclusion that the trial court made a "just and equitable" distribution of the property, thus discharging its statutory duty.

The judgment is affirmed.

*Reported in 400 P.2d 771.