# LORRAINE YEE *v.* HERBERT S. S. YEE.

## No. 4435.

JULY 6, 1965.

CASSIDY, WIRTZ, LEWIS AND MIZUHA, JJ.,
AND CIRCUIT JUDGE JAMIESON ASSIGNED BY REASON OF
ILLNESS OF TSUKIYAMA, C.J.

*Per Curiam.* Appellant-husband appeals from an order of April 27, 1964 with respect to custody of children.

On February 17, 1964, the trial court granted appellee-wife a divorce, and further decreed "that the matter of

the care, custody and control of the 3 minor children of the parties be continued until September 1, 1964, or until moved on earlier by the Court, or either of the parties."

On April 6, 1964, appellee-wife filed a "motion to modify decree with respect to custody of children," and on April 27, 1964, the court entered the order appealed from, denominated an "order modifying decree" as follows: "that Libellant is hereby awarded the care, custody and control of the three minor children [ages 6, 4 and 3] of the parties hereto, * * * reserving however, to the Libellee the right of reasonable visitation at the residence of Libellant only."

On May 6, 1964, appellant-husband filed a motion for rehearing which was denied on May 14, 1964.

Appellant argues that the trial court erred in (1) refusing "to accept and approve the agreement of the parties with respect to the custody of the children," (2) modifying "the Decree with respect to the custody of the children since it was based not on any material change in circumstances affecting the welfare of the children," (3) awarding the custody of the children to appellee "based on all the evidence and the weight of the evidence," and (4) "refusing to accept testimony by way of depositions of persons who had full knowledge of the current welfare of the children."

Appellant's first specification of error as to the court's "refusing to accept and approve the agreement of the parties with respect to the custody of the children," is without merit. An agreement between parties in a divorce action as to custody of their minor children is always subject to the court's acceptance and approval. Nelson, *Divorce and Annulment* (2d ed. 1961) Sec. 15.21, p. 269. Where the children's welfare is concerned, the court cannot be bound by an agreement of the parents. *Puckett* v. *Puckett,* 21 Cal. 2d 833, 136 P.2d 1; *Cone* v. *Righetti,* 73

Ariz. 271, 240 P.2d 541. The agreement in question deferred determination of custody until April, 1965, when the husband's tour of duty in Japan would be over, the children to remain with the husband in Japan meanwhile. This court sees no abuse of discretion in the court's refusal to approve this.

In his second specification of error, appellant contends that it was error to modify the decree "since it was based not on any material change in circumstances affecting the welfare of the children." The decree of divorce was granted on February 17, 1964. The hearing on modifying the decree as to custody of the children was held on April 15, 1964, pursuant to motion of appellee as provided for by the decree of divorce. The court in its decree had reserved the matter of custody to a later date, September 1, 1964, unless sooner moved on. The court not having previously made a decision on permanent custody, did so after the hearing held on April 15, 1964, on April 27, 1964. Appellant's argument would be applicable to a situation where the court made a final decision on custody of children in the original decree of divorce.

Appellant's third specification of error raises the principal question in this case, which is whether there is sufficient evidence to support the award of custody of the minor children to the appellee.

In any custody proceeding, the welfare of the minor children is of paramount consideration. *Neves* v. *Neves*, 41 Haw. 612; *Pacleb* v. *Pacleb*, 42 Haw. 300; *Estrella* v. *Estrella*, 43 Haw. 210; *Gillespie* v. *Gillespie*, 40 Haw. 315; *Dela Cruz* v. *Dela Cruz*, 35 Haw. 95. "Unless a mother is clearly unfit, the interests of children of tender years are usually best served by leaving them in the care of their natural mother." *Pauole* v. *Pauole*, 40 Haw. 312, 314; *Daitoku* v. *Daitoku*, 39 Haw. 276; *Fernandes* v. *Fernandes*, 32 Haw. 608; *Re Thompson Minor*, 32 Haw. 479.

There is enough testimony as to appellee's devotion, concern and love for the children and her fitness as a mother. There is testimony from the aunts that during their visits to the parties' home in Yokota, Japan, in July and November, 1961, the children were healthy, in good spirits and well cared for.

The trial court found appellant "arrogant, self-righteous, defiant and deluded." Appellant admitted during the trial that he had lived with another woman in Japan for quite some time, as man and wife, and that the minor children lived in the same house. This arrangement, as appellant concedes, was morally indecent.

The determination of the care, custody and control of minor children in a divorce proceeding is peculiarly within the wide discretionary power of the trial court. The decree will not be disturbed by this court unless there has been a manifest abuse of discretion. *Hewitt* v. *Hewitt*, —— Wash. ——, 400 P.2d 771; *Hendricks* v. *Hendricks*, 69 Idaho 341, 206 P.2d 523. Great weight will be given by this court to the findings of the trial court, who saw and heard the witnesses and was in a better position to judge their credibility. *Neves* v. *Neves, supra; Pacleb* v. *Pacleb, supra; Burkett* v. *Burkett,* 42 Haw. 264; *Daitoku* v. *Daitoku, supra; Ramones* v. *Ramones,* 37 Haw. 512.

We find nothing in the record to support appellant's further contention that the court's decision to modify the decree was made in retribution and as a punitive measure against appellant for failure to comply with an oral agreement with the court and appellee after the decree of divorce, under which appellant was to return the youngest child, a girl, to appellee as soon as possible, but in no event later than March 15, 1964.

Appellant filed a motion for rehearing on May 6, 1964, for the purpose of presenting additional evidence in the form of depositions covering the subject matter of letters

relative to the best interests of the children. According to the motion, appellant also desired to go into the marital status of the appellant and Aiko Umeki, the woman with whom appellant was living in Japan. The colloquy between the trial judge and counsel for appellant clearly indicates there was no abuse of discretion in the denial of the motion.[1] *Filipino Federation of America, Inc.* v. *Cubico,* 46 Haw. 353, 380 P.2d 488.

Affirmed.

*Crumpacker & Sterry* (*E. D. Crumpacker* and *Naomi S. Campbell*) for libellee-appellant.

*Robert H. K. Chang* for libellant-appellee.

---

[1] "The Court: By the way, has Mr. Yee married the lady yet?

"Mr. Crumpacker: I don't know.

"The Court: You're his attorney.

"Mr. Crumpacker: I know he intends to.

"The Court: You are asking for the custody of the three minor children and you don't know whether he has remarried or not?

"Mr. Crumpacker: I don't know what has happened, yet. I know he is taking steps to do so as expeditiously as possible.

"Mr. Chang: Your Honor, for the record—

"The Court: What is your offer of proof, Mr. Crumpacker?

"Mr. Crumpacker: In effect, the offer of proof lies in the letters which are attached to the exhibits of this motion.

"The Court: What do they say?

"Mr. Crumpacker: They testify to the welfare of the children, wherever they are.

"The Court: Do they say that Mrs. Yee, the mother, is an unfit mother?

"Mr. Crumpacker: No.

"The Court: They do say that the lady that the ex-husband is living with is taking good care of the children, is that right?

"Mr. Crumpacker: Yes, essentially that it's an ideal family situation.

"The Court: He lives with somebody with whom he is not married, taking care of her children, and that is an ideal situation; that is what these letters say?

      \*     \*     \*     \*     \*     \*     \*

"Mr. Crumpacker: The offer of proof is in the letters, they speak for themselves."